# EXHIBIT C

FILED IN DENVER
DISTRICT COURT
DENVER, COLORADO

**DISTRICT COURT, DENVER COUNTY, COLORADO**

DATE FILED: August 29, 2019
CASE NUMBER: 2019CV457

Court address:
1437 Bannock St. *Room 256*
Denver, CO 80202

Plaintiffs:
**HERBERT BECK, individually**

v.

Defendants:
GOLDEN AUTOMOTIVE GROUP LLC
GOLDEN AUTOMOTIVE GROUP HOLDINGS LLC
AMERICAN HONDA FINANCE CORP.
EXPERIAN INFORMATION SOLUTIONS, INC.
TRANS UNION LLC

EQUIFAX INC.
EQUIFAX INFORMATION SERVICES LLC
AUTOMOTIVE WARRANTY SERVICES, INC.
ASSURANT INC.

**^ COURT USE ONLY ^**

Case Number:

19CV457

Division/Courtroom:

414

For Plaintiffs:
Herbert Beck
25 E 16th Ave  #645
Denver, CO 80202
Tel: 303-973-3443     303-764-6265     720-885-0878
Fax: 303-973-3443
Email: 7jkjk7@gmail.com

**DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT**

A 1

19CV457-1
CB

**COMES NOW** Plaintiff Herbert Beck, and states the following in support of his *Complaint:*

1. Plaintiff Herbert Beck, at all times relevant hereto, was a disabled and elderly person, presently a resident of Denver County, Colorado.

2. The individual Defendants are employees, and/or agents of, GOLDEN AUTOMOTIVE GROUP LLC, GOLDEN AUTOMOTIVE GROUP HOLDINGS LLC, AMERICAN HONDA FINANCE CORP., EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, EQUIFAX INC., EQUIFAX INFORMATION SERVICES LLC, AUTOMOTIVE WARRANTY SERVICES, INC., ASSURANT INC., and are licensed and registered with the Colorado Secretary of State to do business in the State of Colorado and Denver County, Colorado.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matters at issue because this is a civil action for damages and equitable relief. Colo. Const. Art. VI, § 9(1). This Court has concurrent jurisdiction over the federal rights claim under 42 U.S. Code § 1983.

4. Venue in this Court is proper pursuant to C.R.C.P. 98 because the actions and damages giving rise to this action occurred in Denver County, Colorado.

### GENERAL ALEGATIONS

5. Plaintiff Herbert Beck (Beck) did on or about March 6, 2015, purchase a NEW 2015 Honda Accord, serial number 1HGCR2F72FA002775, (HA) from Defendant(s) Golden Automotive Group Holdings LLC (GAGH) and Golden Automotive Group LLC (GAG) both D/B/A Planet Honda, 15701 W Colfax Ave, Golden, CO 80401.

6. Beck diligently attempted to make the monthly payments on HA to American Honda Finance Corp. (AHFC) through AHFCs Honda Financial Services (HFS) online payment reception service.

7. HFS continuously, maliciously, wantonly, willfully, deliberately, mendaciously, illegally, egregiously, with negligence, fraudulently failed to accept Becks payment(s) and Beck submitted two payments to AHFC through other means, while trying to remedy, with AHFC, the problems with HFS.

8. As the HA had become inoperable on August 5, 2015, Beck ultimately, on or about August 15, 2015, relinquished HA to AHFC and its agent(s).

9. From that time forward, the Defendant(s) showed a blatant disregard for the legal rights due Plaintiff Beck continuously, maliciously, wantonly, willfully, deliberately, mendaciously, illegally, egregiously, with negligence, fraudulently began a series of, including, but not limited to, multiple torts, fraud, misrepresentation, negligence, conversion, concealment and multiple breaches, along with wangled errors in the Defendant(s) favor on documentation, commonly known as "pencil whipping".

10. On or about August 31, 2015 Beck received the first of wrongful notices, of notice to sell, from the Defendant(s), of others that were to follow. Defendant(s) have continuously maliciously, wantonly, willfully, deliberately, mendaciously, illegally, egregiously, with negligence, fraudulently refused to account for the errors, discrepancies and misstatements on the U. C. C. RETAIL POST SALE ACCOUNTING dated September 28, 2015 for the HA. Plaintiff also claims this sale of HA was not a retail sale, but a manipulated, contrived fraud by the Defendant(s) performing a quasi-sale of HA #2775.

11. Beck requested during this time, and forward, from Defendant(s), multiple times, for a more detailed accounting, from AHFC, having noted errors that were obvious and apparent to Beck. All requests were ignored, not answered, concealed, or answered with fraudulent, false and misleading information.

12. As these misrepresentations were passed through the Defendant(s) control, with clear and reprehensible abuse of Statute and law, bought and sold, by no less than five collection agencies, as a Balance Due, Collection or other item, Beck objecting to each, with no response from any individual or entity, until Synergetic Communications Inc., (SCI), of Houston Texas, responded to Becks legal request and demand for, according to law, and on or about June 7, 2018, provided Beck with the most detailed account, to date, of Becks HA account with AHFC and Defendant(s) handling of HA, from which this action begins. The Defendant(s) wrongful, capricious, egregious, tortuous, circuitous, fraudulent and ineffably illegal actions and behavior lade upon Beck, were made visible for the first time ever.

13. Beck sent letters of demand to the known Defendant(s) on June 18, 2018 and July 16, 2018 demanding accounting, reparation and remuneration be provided to Beck, all, with tacit, negative or no response from the Defendant(s), they, by silence, claiming no responsibility, refusing to acknowledge or even consider there may be errors in the accounting and actions of the Defendant(s).

2

14. Beck has now compiled, through the report provided by SCI and other research, the following, heretofore unverifiable, unknown or assumed actions against Beck, including but not limited to, the continuous, malicious, wanton, willful, deliberate, mendacious, illegal, egregious, with negligence, fraudulent unlawful acts perpetrated by Defendant(s) against Beck including, but not limited to: forty (40) torts; breach of express and implied contract; breach of express and implied warranty; breach of implied fitness; fraud; misrepresentation; fraud in representations and warranties; theft; felony theft; force majeure; conversion; concealment; negligence per se; and negligence; against the Plaintiff. Plaintiff will show the violations, torts, actions and behavior of Defendants, to be enumerated at trial, were all known, or should have been known by the Defendants, to be violations, torts, actions and behavior contrary to, and violations of Colorado Revised Statutes and or law, that are meant to protect and preserve the rights, safety and sanctity of, individuals of, and the State of Colorado. Plaintiff will prove, beyond a reasonable doubt, that Defendants made the false representations, fraud with knowledge of its falsity and/or with utter disregard for its truth and falsity.

15. Considering, that Defendant(s), up to now, have continuously, maliciously, wantonly, willfully, deliberately, mendaciously, illegally, egregiously, with negligence, fraudulently refused any appropriate action, information, data, material and/or documentation to Beck in regards the previously possessed HA by Beck, that the material provided to Beck from SCI may not be the entire amount of information, material or documentation available to the documentation of actions taken by Defendant(s) against Beck, therefore, there may be additional allegations of wrongful actions filed, in conjunction with this complaint, by Beck against the Defendant(s).

16. In the purchase contract and/or, buyers order and/or, automobile – simple interest retail installment contract – consumer credit document Colorado (account #186985719) for the HA, there were two additional insurance policies added in, to these agreements, and to the total cost of HA.

17. One insurance policy added to the cost of the HA, was a GAP policy or OPTIMAL GUARANTEED ASSET PROTECTION (GAP) for $499.00 that, which, as the title of the policy states, was to cover any (gap) difference left due to the lienholder, AHFC, in the case of any loss of use or value due to accident or other cause. This policy was purchased through GAG and GAGH dba Planet Honda, 15701 W Colfax Ave, Golden, CO 80401. GAG and GAGH both, were DIRECT beneficiaries from this policy purchase by Beck.

18. Another insurance policy added to the cost of the HA, was a Mechanic, mechanical repair service contract, contract #FA002775, for $2,156.00 for any repairs that may be needed to the HA. This policy was purchased through GAG and GAGH dba Planet Honda, 15701 W

Colfax Ave, Golden, CO 80401. GAG and GAGH both, were DIRECT beneficiaries from this policy purchase by Beck.

19. Both, of these policies mentioned in item #17 and #18 were administered by, and initially underwritten by Automotive Warranty Services, Inc., 175 West Jackson Blvd., Chicago, Illinois 60604. Automotive Warranty Services, Inc. and/or its agents, owners, managers and/or operators is/are also the owner, operator and/or agent of/for the Chicago office of/for Assurant, Inc., both occupying the same offices and address at 175 West Jackson Blvd., Chicago, Illinois 60604. Assurant, Inc, a national insurer and underwriter, is also the underwriter of policies written by Automotive Warranty Services, Inc., and Plaintiff Becks previous policies, as any claims on policies administered by Automotive Warranty Services, Inc., are processed through the Assurant, Inc. website and company. The Defendant(s) as DIRECT beneficiaries of the proceeds of these two policies, are complicit in the insurance fraud committed against Plaintiff Beck in, through and on the two mentioned insurance policies.

20. As the HA incurred substantial loss due to an accident on August 5, 2015, while the GAP policy was in full force and effect, and contract #FA002775 also in full force and effect, and as Beck asked for and tried to submit a claim for this loss covered by both policies, which were wrongfully ignored and denied, there is a claim against Defendant(s) AHFC, Assurant, Inc., Automotive Warranty Services, Inc., GAG, and GAGH as DIRECT beneficiaries of the proceeds of these two insurance policies, and Defendants being fully, completely and totally financially responsible for any claims against these policies.

21. The Defendant(s) did refund and return to AHFC an "Insurance Premium Rebate (as of 08/28/15)" of $459.49 for the GAP policy. This amount refunded, and the documentation, shows, that the GAP policy was in full force and effect on August 5, 2015, and apparently until 08/28/15.

22. In regards the Mechanic, mechanical repair service contract, contract #FA002775, for $2,156.00, and the cancellation thereof, with written notice, on or about either/or August 27, 2015 or 9-10-15 a "REQUEST TO CANCEL SERVICE CONTRACT POLICY AND MAIL REFUND WITHIN 14 DAYS" was mailed from AHFC to Planet Honda, 15701 W Colfax Ave, Golden, CO 80401. The $2,156.00 in question, paid for the #FA002775 policy, was forwarded to Planet Honda by AHFC on/or about the inception date of purchase contract and/or, buyers order and/or, automobile – simple interest retail installment contract – consumer credit document Colorado (account #186985719) for the HA, and was, wrongfully and illegally kept by Planet Honda, GAG and GAGH, when return of funds was requested by AHFC. There has never been an accounting for these funds. Where the funds ever refunded back? Has this money just disappeared? Shall we find out whose pocket kept the money? Beck has

4

never received any credit from the cancelled policy and $2,156.00 policy payment. ALL Defendant(s) have refused and continuously, maliciously, wantonly, willfully, deliberately, mendaciously, illegally, egregiously, with negligence, fraudulently refuse to account for, document or provide information as to the status of this $2,156.00 and credit that is due Beck for this cancelled insurance policy.

23. Another part of this letter to "CANCEL AND REFUND" of on or about either/or August 27, 2015 or 9-10-15, noted the subject HA # 2775, had mileage of 53,606 miles. This is more documented fraud and negligence, among many other things, on the part of AHFC and the Defendant(s) as the actual documented mileage on the subject HA #2775, when it was picked up by AHFC and its agents, on or about August 19,2015, from Bradford Auto Body, 2659 West Main Street, Littleton, Colorado 80120 was 5,354 miles on the HA odometer. A "small" difference of over 48,000, **forty-eight thousand miles,** used and reported by Defendant(s), in violation of multiple statutes and laws, for the purposes of fraudulent disposition of the HA. This fabrication, misrepresentation, fraud, conversion, of over 48,000, **forty-eight thousand miles, on subject HA,** was supposed to have happened in a time period of less than two weeks. Would this fraudulent representation make a **difference in the actual value** of said HA?

24. AHFC, its agents and Defendant(s) did knowingly, intentionally, continuously, maliciously, wantonly, willfully, deliberately, mendaciously, illegally, egregiously, with negligence, defraud Beck by wrongfully assessing the HA #2775, for resale, with no less than thirty, (30), intentional errors, misstatements and wrongful definitions of the value and condition of HA, including stating mileage on the HA of more than **TEN TIMES** the actual mileage. HA assessment has never been provided to Plaintiff Beck. AHFC then participated in and allowed a **PRIVATE SALE** of the HA #2775, to allow and cause, to defraud Plaintiff Beck, a severely discounted valuation and sale price of HA, as opposed to a public auction, which is a more normal procedure. These documented tort actions alone, by the Defendant(s), create enough cause for immediate relief including, but not limited to: expectation, reliance, consequential, compensatory and punitive damages in favor of and for Plaintiff Beck.

25. Plaintiff Beck, upon discovering and uncovering from concealment, some of the numerous fraudulent, deceptive, illegal actions perpetrated against him by the Defendant(s), now, better understands why not one of the Defendant(s) would be forthcoming with any information and documentation of/on the handling of the HA #2775.

26. Throughout the time period involved and covered by this complaint, AHFC has mendaciously, maliciously, wrongfully and illegally withheld information from Beck, and wrongfully reported to all three credit reporting agencies, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, EQUIFAX INC., EQUIFAX INFORMATION SERVICES LLC, inaccurate and illegal information, damaging Plaintiff Becks' credit reports, with wrongful

information about Beck, which is damaging, derogatory, libelous and defamatory, with malice towards Beck, as Beck has multiple times challenged the wrongful report of AHFC to and against Plaintiff Becks' credit reports and to all three named credit agencies. These challenges have met with staunch denial from AHFC and all three credit reporting agencies, that anything was being reported incorrectly, and, all three credit reporting agencies have been more than willing to participate in and perpetuate this fraud and misrepresentation against Beck.

27. EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, EQUIFAX INC., EQUIFAX INFORMATION SERVICES LLC, have all shown a blatant disregard for Federal and State, Code and Statute by blindly, obtusely, willingly, deliberately, wantonly, participating in this travesty, fraud, wrongful reporting, ignoring and violating the Federal Fair Credit Reporting Act (FCRA), violating US CODE TITLE 15 Chapter 41. All these Defendant(s) have willingly violated Becks sanctity, wellbeing, safety and rights, with malice, illegal and egregious conduct, actions and behavior. EXPERIAN INFORMATION SOLUTIONS, INC. has also defrauded Plaintiff Beck by promising to perform and provide certain services to Beck for a fee, which Beck has paid such fee, and Experian has failed and refused, and continues to refuse, to provide paid for services. All three of these credit reporting agencies continue to report wrongful, inaccurate information on Plaintiff Beck in/on his credit report, and continue to refuse to remove these items, which are damaging, derogatory, libelous and defamatory to and of Plaintiff Beck.

28. The Defendant(s) gave no notice of what was, going to, has or had transpired, happened or going to happen, to or was given to Plaintiff.

29. The Defendant(s) have not, did not and never have offered the Plaintiff any help, assistance or compensation whatsoever.

30. The Defendant(s) did not, has not and have not warned Plaintiff of the known and/or unknown damages, threats, consequences or ramifications of any and all of the Defendant(s) malicious, wanton, willful, deliberate, mendacious, illegal, egregious, negligent, fraudulent and ineffable torts, actions and behavior perpetrated against Plaintiff.

31. Unaware of the voluminous number of wrongful acts, actions, torts and behavior Defendant(s) have perpetrated against Plaintiff Beck, Beck has suffered, including, but not limited to, loss (pecuniary, emotional, physical, relational, psychological, of freedom and sundry other losses), loss of sleep, loss of well-being, anticipatory, normal, extreme exacerbation of current adverse medical conditions, complicated and cumulative grief, situational loss and emotional trauma during the previously mentioned time period of events and into the future.

32. The Defendants do not escape liability for their behavior, actions and conduct because they have willfully, wantonly and deliberately concealed all the information of their illegal actions, knowing there was/is tremendous liability hinging on the foreseeability of harm to Plaintiff Beck, and continue to do so. The torts against Plaintiff Beck have only come to light and been discovered, through SCI's compliance with the law, by providing the file documentation SCI had, to Plaintiff Beck.

## COUNT I
## NEGLIGENCE

33. Plaintiff hereby incorporates all preceding and subsequent allegations into this Count I.

34. On or about August 5, 2015 to present, the Defendants engaged in conduct, actions and behavior against the Plaintiff by perpetrating no less than forty (40) torts against the Plaintiff. The torts Defendants have perpetrated against the Plaintiff are, including, but not limited to: breach of express and implied contract; breach of express and implied warranty; breach of implied fitness; fraud; misrepresentation; fraud in representations and warranties; theft; felony theft; force majeure; conversion; concealment; negligence per se; and negligence; against the Plaintiff.

35. The Defendants owe the Plaintiff a general duty to use reasonable care with regard to their conduct, actions and behavior.

36. The Defendants breached that duty when they willfully, wantonly and deliberately committed, including, but not limited to: breach of express and implied contract; breach of express and implied warranty; breach of implied fitness; fraud; misrepresentation; fraud in representations and warranties; theft; felony theft; force majeure; conversion; concealment; negligence per se; and negligence; against the Plaintiff.

37. The Defendants breach of duty caused injury to the Plaintiff.
38. As a result of the negligence of the Defendants, Plaintiff suffered injuries and damages including, but not limited to: economic damages; non-economic damages; past, present, and future pain and suffering; past and future lost earnings; loss of earning capacity; past, present, and future medical expenses; extreme exacerbation of current adverse medical conditions; emotional distress; loss of enjoyment of life; and other injuries in an amount to be determined at trial.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. Plaintiff hereby incorporates all preceding and subsequent allegations into this Count II.
40. On or about August 5, 2015 to present, the Defendants engaged in conduct against the Plaintiff by perpetrating no less than forty (40) torts against the Plaintiff. The torts Defendants have perpetrated against the Plaintiff are, including, but not limited to: breach of express and implied contract; breach of express and implied warranty; breach of implied fitness; fraud; misrepresentation; fraud in representations and warranties; theft; felony theft; force majeure; conversion; concealment; negligence per se; and negligence; against the Plaintiff.

41. The conduct of the Defendants was/is willful, wanton and deliberate.

42. The conduct of the Defendants was/is extreme and outrageous.

43. The Defendants engaged in such conduct intentionally and/or recklessly and/or with the intent of causing the Plaintiff severe emotional distress.

44. The Defendants' conduct caused the Plaintiff to suffer severe emotional distress, and did cause Plaintiff to suffer injuries and damages, including, but not limited to: pain and suffering; mental distress; mental anguish; extreme exacerbation of current adverse medical conditions; emotional anxiety; and loss of enjoyment and quality of life.

## COUNT III
## NEGLIGENCT INFLICTION OF EMOTIONAL DISTRESS

45. Plaintiff hereby incorporates all preceding and subsequent allegations into this Count III.
46. On or about August 5, 2015 to present, the Defendants engaged in conduct against the Plaintiff by perpetrating no less than forty (40) torts against the Plaintiff. The torts Defendants have perpetrated against the Plaintiff are, including, but not limited to: breach of express and implied contract; breach of express and implied warranty; breach of implied fitness; fraud; misrepresentation; fraud in representations and warranties; theft; felony theft; force majeure; conversion; concealment; negligence per se; and negligence; against the Plaintiff.

47. The conduct, actions and behavior of the Defendants was/is willful, wanton and deliberate.

48. The Defendants' conduct subjected the Plaintiff to an unreasonable risk of pecuniary loss, harm and caused the Plaintiff to be put in fear for his own safety which resulted in severe emotional distress to the Plaintiff.
49. The Defendants' conduct caused the Plaintiff to suffer severe emotional distress and did cause the Plaintiff to suffer injuries and damage, including, but not limited to: pain and

suffering, mental distress, mental anguish, extreme exacerbation of current adverse medical conditions; emotional anxiety, and loss of enjoyment and quality of life.

## COUNT IV
### TAKING WITHOUT JUST COMPENSATION

50. Plaintiff hereby incorporates all preceding and subsequent allegations into this Count IV.

51. The conduct of the Defendants, as set forth above, deprived the Plaintiff of the use and enjoyment of his property.

52. Article II, § 15 of the Colorado Constitution prohibits the damaging or taking of private property for public use without just compensation.

53. The Fifth Amendment to the US Constitution provides that private property cannot be taken for public use without just compensation.

54. The conduct of the Defendants, as set forth above, is the taking or damage of private property for public or private use.

55. Plaintiff has not received just compensation from the Defendants pursuant to the United States Constitution, the Colorado Constitution and C. R. S. § 38-1-101, § 38-1-114.

56. Plaintiff is entitled to just compensation.
57. The actions of the Defendants in taking and/or damaging the Plaintiffs' property, as set forth above, violates Article II, § 15 of the Colorado Constitution, as well as the Fifth and Fourteenth Amendments to the United States Constitution.

58. Plaintiff is entitled to damages in the amount of the fair market value of his property at the time of the taking, any other relief as this Court deems just and proper, together with his costs and interest.

## COUNT V
### UNLAWFUL CONCEALMENT OF TRANSACTIONS

59. Plaintiff hereby incorporates all preceding and subsequent allegations into this Count V.

60. Any person who possesses or conceals any writing, paper, instrument, or article used to record criminally usurious transactions, and who knows or has reasonable grounds to know that the contents have been used, are being used, or are intended to be used to conduct a

criminally usurious transaction, or who possesses or conceals such instruments with intent to aid, assist, or facilitate criminal usury commits possession or concealment of records of criminal usury, which is a class 6 felony.

61. On or about August 5, 2015 to present, the Defendants engaged in conduct against the Plaintiff by perpetrating no less than forty (40) torts against the Plaintiff. The torts Defendants have perpetrated against the Plaintiff are, including, but not limited to: violations of CRS Titles 10, 38, and 44; breach of express and implied contract; breach of express and implied warranty; breach of implied fitness; fraud; misrepresentation; fraud in representations and warranties; theft; felony theft; force majeure; conversion; concealment; negligence per se; and negligence; against the Plaintiff.

62. The conduct of the Defendants, as set forth above, is the concealment, continued concealment of documents, transactions, information, acts, actions, behavior in regards the possession and dispossession of a Honda Accord, HA #2775, by the Defendants.

63. The conduct of the Defendants was/is willful, wanton and deliberate.

64. The conduct of the Defendants was/is extreme and outrageous.

65. The Defendants' conduct subjected the Plaintiff to an unreasonable risk of pecuniary loss, harm and caused the Plaintiff to be put in fear for his own safety which resulted in distress, substantial pecuniary loss and unreasonable loss and other damage to the Plaintiff.

66. Plaintiff is entitled to damages in an amount to be proven at trial.

## COUNT VI
## CONVERSION

67. Plaintiff hereby incorporates all preceding and subsequent allegations into this Count VI.

68. On or about August 5, 2015 to present, the Defendants engaged in conduct against the Plaintiff by perpetrating no less than forty (40) torts against the Plaintiff. The torts Defendants have perpetrated against the Plaintiff are, including, but not limited to: violations of CRS Titles 10, 38, and 44; breach of express and implied contract; breach of express and implied warranty; breach of implied fitness; fraud; misrepresentation; fraud in representations and warranties; theft; felony theft; force majeure; conversion; concealment; negligence per se; and negligence; against the Plaintiff.

69. On or about August 15, 2015 to September 30, 2015, Defendants knowingly converted to their own use, an invalid and false appraisal documentation, knowingly and intentionally obtained by Defendants, of a 2015 Honda Accord HA #2775, the value of which is to be

determined at trial, the previous property of plaintiff, for use in an undervalued private sale of HA #2775.

70. The conduct of the Defendants was/is willful, wanton and deliberate.

71. The conduct of the Defendants was/is extreme and outrageous.

72. The Defendants' conduct subjected the Plaintiff to an unreasonable risk of pecuniary loss, harm and caused the Plaintiff to be put in fear for his own safety which resulted in distress, substantial pecuniary loss and unreasonable loss and other damage to the Plaintiff.

73. Plaintiff is entitled to damages in an amount to be determined at trial.

## COUNT VII
## COLLUSION

74. Plaintiff hereby incorporates all preceding and subsequent allegations into this Count VII.

75. On or about August 5, 2015 to present, the Defendants engaged in conduct against the Plaintiff by perpetrating no less than forty (40) torts against the Plaintiff. The torts Defendants have perpetrated against the Plaintiff are, including, but not limited to: breach of express and implied contract; breach of express and implied warranty; breach of implied fitness; fraud; misrepresentation; fraud in representations and warranties; violations of CRS 10, 38, and 44; theft; felony theft; force majeure; conversion; concealment; negligence per se; and negligence; against the Plaintiff.

76. On or about August 15, 2015 to September 30, 2015, Defendants knowingly conspired and colluded to convert to their own use, an invalid and false appraisal documentation, knowingly and intentionally fraudulently obtained by Defendants, of a 2015 Honda Accord HA #2775, the value of which is to be determined at trial, the previous property of plaintiff, for use in an undervalued private sale of HA #2775.

77. The conduct of the Defendants was/is willful, wanton and deliberate.

78. The conduct of the Defendants was/is extreme and outrageous.

79. The Defendants' conduct subjected the Plaintiff to an unreasonable risk of pecuniary loss, harm and caused the Plaintiff to be put in fear for his own safety which resulted in distress, substantial pecuniary loss, unreasonable loss and other damage to the Plaintiff.

80. Plaintiff is entitled to damages in an amount to be determined at trial.

## COUNT VIII
## FRAUD IN NON COMPLIANCE WITH CRS UCC CODE

81. Plaintiff hereby incorporates all preceding and subsequent allegations into this Count VIII.

82. On or about August 5, 2015 to present, the Defendants engaged in conduct against the Plaintiff by perpetrating no less than forty (40) torts against the Plaintiff. The torts Defendants have perpetrated against the Plaintiff are, including, but not limited to: breach of express and implied contract; breach of express and implied warranty; breach of implied fitness; fraud; misrepresentation; fraud in representations and warranties; theft; felony theft; force majeure; conversion; concealment; negligence per se; and negligence; against the Plaintiff.

83. On or about August 15, 2015 to September 30, 2015, Defendants knowingly conspired and colluded to convert to their own use, through an invalid and false appraisal documentation, knowingly and intentionally obtained by Defendants, on/of a 2015 Honda Accord HA #2775, the actual value of which is to be determined at trial, the previous property of plaintiff, for use in an undervalued fraudulent private sale of HA #2775.

84. The Defendant(s) have intentionally, willfully and wantonly violated, including, but not limited to: CRS 4-9-207, 4-9-210, 4-9-610, 4-9-615, 4-9-616, 4-9-625, 4-9-627, 4-1-304, 4-2-515, 4-2-609, 4-2-612, 4-2-612, 4-9-522, and others to be named.

85. The conduct of the Defendants was/is willful, wanton and deliberate.

86. The conduct of the Defendants was/is extreme and outrageous.

87. The Defendants' conduct subjected the Plaintiff to an unreasonable risk of pecuniary loss, harm and caused the Plaintiff to be put in fear for his own safety which resulted in distress, substantial pecuniary loss, unreasonable loss and other damage to the Plaintiff.

88. Plaintiff is entitled to damages in an amount to be determined at trial.

## COUNT IX
## NEGLIGENCE PER SE

89. Plaintiff hereby incorporates all preceding and subsequent allegations into this Count IX.

90. On or about August 5, 2015 to present, the Defendants engaged in conduct against the Plaintiff by perpetrating no less than forty (40) torts against the Plaintiff. The torts Defendants have perpetrated against the Plaintiff are, including, but not limited to: breach of express and implied contract; breach of express and implied warranty; breach of implied fitness; fraud; misrepresentation; fraud in representations and warranties; theft; felony theft; force majeure; conversion; concealment; negligence per se; and negligence; against the Plaintiff. Plaintiff will show the violations, torts, actions and behavior of Defendants, to be enumerated at trial, were all known, or should have been known by the Defendants, to be violations, torts, actions and behavior contrary to, and violations of Colorado Revised Statutes and or law, that are meant to protect and preserve the rights, safety and sanctity of, individuals of, and the State of Colorado.

91. The Defendants owe the Plaintiff a general duty to use reasonable care with regard to their conduct.

92. The Defendants breached that duty when they willfully, wantonly and deliberately committed, including, but not limited to: breach of express and implied contract; breach of express and implied warranty; breach of implied fitness; fraud; misrepresentation; fraud in representations and warranties; theft; felony theft; force majeure; conversion; concealment; negligence per se; and negligence; against the Plaintiff.

93. The Defendants breach of duty caused injury to the Plaintiff.

94. As a result of the negligence per se of the Defendants, Plaintiff suffered injuries and damages including, but not limited to: economic damages; non-economic damages; past, present, and future pain and suffering; past and future lost earnings; loss of earning capacity; past, present, and future medical expenses; emotional distress; loss of enjoyment of life; and other injuries in an amount to be determined at trial.

## COUNT X
## FRAUD

95. Plaintiff hereby incorporates all preceding and subsequent allegations into this Count X.

96. On or about August 5, 2015 to present, the Defendants engaged in conduct against the Plaintiff by perpetrating no less than forty (40) torts against the Plaintiff. The torts Defendants have perpetrated against the Plaintiff are, including, but not limited to: breach of express and implied contract; breach of express and implied warranty; breach of implied fitness; fraud; misrepresentation; fraud in representations and warranties; theft; felony

theft; force majeure; conversion; concealment; negligence per se; and negligence; against the Plaintiff. Plaintiff will show the violations, torts, actions and behavior of Defendants, to be enumerated at trial, were all known, or should have been known by the Defendants, to be violations, torts, actions and behavior contrary to, and violations of Colorado Revised Statutes and or law, that are meant to protect and preserve the rights, safety and sanctity of, individuals of, and the State of Colorado. Plaintiff will prove, beyond a reasonable doubt, that Defendants made the false representations, fraud with knowledge of its falsity and/or with utter disregard for its truth and falsity.

97. The Defendants owe the Plaintiff a general duty to use reasonable care with regard to their conduct.

98. The Defendants breached that duty when they willfully, wantonly and deliberately committed, including, but not limited to: breach of express and implied contract; breach of express and implied warranty; breach of implied fitness; fraud; misrepresentation; fraud in representations and warranties; theft; felony theft; force majeure; conversion; concealment; negligence per se; and negligence; against the Plaintiff.

99. The Defendants breach of duty caused injury to the Plaintiff.

100. As a result of the fraud of the Defendants, Plaintiff suffered injuries and damages including, but not limited to: economic damages; non-economic damages; past, present, and future pain and suffering; past and future lost earnings; loss of earning capacity; past, present, and future medical expenses; emotional distress; loss of enjoyment of life; and other injuries in an amount to be proven at trial.

## COUNT XI
## INSURANCE FRAUD

101. Plaintiff hereby incorporates all preceding and subsequent allegations into this Count XI.
102. On or about August 5, 2015 to present, the Defendants engaged in conduct against the Plaintiff by perpetrating no less than forty (40) torts against the Plaintiff. The torts Defendants have perpetrated against the Plaintiff are, including, but not limited to: multiple, breach of express and implied contract; breach of express and implied warranty; breach of implied fitness; fraud; misrepresentation; fraud in representations and warranties; theft; felony theft; force majeure; conversion; concealment; negligence per se; and negligence; against the Plaintiff. Plaintiff will show the violations, torts, actions and behavior of Defendants, to be enumerated at trial, were all known, or should have been known by the Defendants, to be violations, torts, actions and behavior contrary to, and violations of Colorado Revised Statutes and or law, that are meant to protect and preserve the rights, safety and sanctity of, individuals of, and the State of Colorado. Plaintiff will

prove, beyond a reasonable doubt, that Defendants made false representations, commission of fraud with knowledge of its falsity and/or with utter disregard for its truth and falsity.

103. The Defendants owe the Plaintiff a general duty to use reasonable care with regard to their conduct.

104. The Defendants breached that duty when they willfully, wantonly and deliberately committed, including, but not limited to: breach of express and implied contract; breach of express and implied warranty; breach of implied fitness; fraud; misrepresentation; fraud in representations and warranties; theft; felony theft; force majeure; conversion; concealment; negligence per se; and negligence; against the Plaintiff.

105. The Defendants breach of duty caused injury to the Plaintiff.

106. As a result of the fraud of the Defendants, Plaintiff suffered injuries and damages including, but not limited to: economic damages; non-economic damages; past, present, and future pain and suffering; past and future lost earnings; loss of earning capacity; past, present, and future medical expenses; emotional distress; loss of enjoyment of life; and other injuries in an amount to be proven at trial.

## COUNT XII
## DEFAMATION OF CHARACTER AND LIBEL

107. Plaintiff hereby incorporates all preceding and subsequent allegations into this Count XII.

108. On or about August 5, 2015 to present, the Defendants engaged in conduct against the Plaintiff by perpetrating no less than forty (40) torts against the Plaintiff. The torts Defendants have perpetrated against the Plaintiff are, including, but not limited to: multiple, breach of express and implied contract; breach of express and implied warranty; breach of implied fitness; fraud; misrepresentation; fraud in representations and warranties; theft; felony theft; force majeure; conversion; concealment; negligence per se; and negligence; against the Plaintiff. Plaintiff will show the violations, torts, actions and behavior of Defendants, to be enumerated at trial, were all known, or should have been known by the Defendants, to be violations, torts, actions and behavior contrary to, and violations of Colorado Revised Statutes and or law, that are meant to protect and preserve the rights, safety and sanctity of, individuals of, and the State of Colorado. Plaintiff will prove, beyond a reasonable doubt, that Defendants made defamatory, libelous and false

15

representations, commission of fraud with knowledge of its falsity and/or with utter disregard for its truth and falsity.

109. The Defendants owe the Plaintiff a general duty to use reasonable care with regard to their conduct.

110. The Defendants breached that duty when they willfully, wantonly and deliberately committed, including, but not limited to: breach of express and implied contract; breach of express and implied warranty; breach of implied fitness; fraud; misrepresentation; fraud in representations and warranties; theft; felony theft; force majeure; conversion; concealment; negligence per se; and negligence; against the Plaintiff.

111. The Defendants breach of duty caused injury to the Plaintiff.

112. As a result of the fraud of the Defendants, Plaintiff suffered injuries and damages including, but not limited to: economic damages; non-economic damages; past, present, and future pain and suffering; past and future lost earnings; loss of earning capacity; past, present, and future medical expenses; emotional distress; loss of enjoyment of life; and other injuries in an amount to be proven at trial.

## COUNT XIII
### DECEIT

113. 112. Plaintiff hereby incorporates all preceding and subsequent allegations into this Count XIII.

114. On or about August 5, 2015 to present, the Defendants engaged in conduct against the Plaintiff by perpetrating no less than forty (40) torts against the Plaintiff. The torts Defendants have perpetrated against the Plaintiff are, including, but not limited to: multiple, breach of express and implied contract; breach of express and implied warranty; breach of implied fitness; fraud; misrepresentation; fraud in representations and warranties; deceit; theft; felony theft; force majeure; conversion; concealment; negligence per se; and negligence; against the Plaintiff. Plaintiff will show the violations, torts, actions and behavior of Defendants, of CRS Titles 4, 8, 10, 18, 24, 44, 42, 38 and 6 to be enumerated more at trial, were all known, or should have been known by the Defendants, to be violations, torts, actions and behavior contrary to, and violations of Colorado Revised Statutes and or law, that are meant to protect and preserve the rights, safety and sanctity of, individuals of, and the State of Colorado. Plaintiff will prove, beyond a reasonable doubt, that Defendants made false representations, commission of fraud with knowledge of its falsity and/or with utter disregard for its truth and falsity.

115. The Defendants owe the Plaintiff a general duty to use reasonable care with regard to their conduct.

116. The Defendants breached that duty when they willfully, wantonly and deliberately committed, including, but not limited to: breach of express and implied contract; breach of express and implied warranty; breach of implied fitness; fraud; misrepresentation; fraud in representations and warranties; theft; felony theft; force majeure; conversion; concealment; negligence per se; and negligence; against the Plaintiff.

117. The Defendants breach of duty caused injury to the Plaintiff.

118. As a result of the fraud of the Defendants, Plaintiff suffered injuries and damages including, but not limited to: economic damages; non-economic damages; past, present, and future pain and suffering; past and future lost earnings; loss of earning capacity; past, present, and future medical expenses; emotional distress; loss of enjoyment of life; and other injuries in an amount to be determined at trial.

## COUNT XIV
## BREACH OF EXPRESS AND IMPLIED CONTRACT, BREACH OF EXPRESS AND IMPLIED WARRANTY, BREACH OF IMPLIED FITNESS

119. 116.Plaintiff hereby incorporates all preceding and subsequent allegations into this Count XIV.

120. 117. On or about August 5, 2015 to present, the Defendants engaged in conduct against the Plaintiff by perpetrating no less than forty (40) torts against the Plaintiff. The torts Defendants have perpetrated against the Plaintiff are, including, but not limited to: multiple, breach of express and implied contract; breach of express and implied warranty; breach of implied fitness; fraud; misrepresentation; fraud in representations and warranties; theft; felony theft; force majeure; conversion; concealment; negligence per se; and negligence; against the Plaintiff. Plaintiff will show the violations, torts, actions and behavior of Defendants, to be enumerated at trial, were all known, or should have been known by the Defendants, to be violations, torts, actions and behavior contrary to, and violations of Colorado Revised Statutes and or law, that are meant to protect and preserve the rights, safety and sanctity of, individuals of, and the State of Colorado. Plaintiff will prove, beyond a reasonable doubt, that Defendants made false representations, commission of fraud with knowledge of its falsity and/or with utter disregard for its truth and falsity.

17

121. The Defendants owe the Plaintiff a general duty to use reasonable care with regard to their conduct.

122. The Defendants breached that duty when they willfully, wantonly and deliberately committed, including, but not limited to: breach of express and implied contract; breach of express and implied warranty; breach of implied fitness; fraud; misrepresentation; fraud in representations and warranties; theft; felony theft; force majeure; conversion; concealment; negligence per se; and negligence; against the Plaintiff.

123. The Defendants breach of duty caused injury to the Plaintiff.

124. As a result of these breaches of the Defendants, Plaintiff suffered injuries and damages including, but not limited to: economic damages; non-economic damages; past, present, and future pain and suffering; past and future lost earnings; loss of earning capacity; past, present, and future medical expenses; emotional distress; loss of enjoyment of life; and other injuries in an amount to be proven at trial.

### COUNT XV
### 42 U.S. Code § 1983

125. Plaintiff hereby incorporates all preceding and subsequent allegations into this Count XV.

126. Pursuant to 42 U.S.C. § 1983, "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit or equity, or other proper proceeding for redress."

127. The actions of the Defendants, as set forth above, have violated Plaintiffs rights under the United States and Colorado Constitutions.

128. The Defendants acted under the color of statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia law.

129. The Defendant(s) have/has ratified the actions taken by the Defendants by virtue of Defendant(s) affirmation and defense of those actions this case.

130. Plaintiff was deprived on rights secured by the Constitution and laws.

131. Plaintiff has suffered injuries and damages as a result of such constitutional violations including, but not limited to: economic damages; non-economic damages; past, present, and future pain and suffering; past and future lost earnings; loss of earning capacity; past, present, and future medical expenses; emotional distress; loss of enjoyment of life; and other injuries.

132. The Defendants are liable in damages to Plaintiff in an amount to be proven at trial.

**COUNT XVI**
**15 U.S. Code § 1681**

133. Plaintiff hereby incorporates all preceding and subsequent allegations into this Count XVI.

134. Pursuant to 15 U.S.C. § 1681, "It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter." and, "(a) In general Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) any actual damages sustained by the consumer as a result of the failure; and (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court."

135. The actions of the Defendants, showing a blatant disregard for Code and Statute, as set forth above, have violated Plaintiffs rights under the United States and Colorado Constitutions.

136. The Defendants acted under the color of statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia law.

137. The Defendant(s) have/has ratified the actions taken by the Defendants by virtue of Defendant(s) affirmation and defense of those actions this case.

138. Plaintiff was deprived on rights secured by the Constitution and laws.

139. Plaintiff has suffered injuries and damages as a result of such constitutional violations including, but not limited to: economic damages; non-economic damages; past, present,

and future pain and suffering; past and future lost earnings; loss of earning capacity; past, present, and future medical expenses; emotional distress; loss of enjoyment of life; and other injuries.

140.    The Defendants are liable in damages to Plaintiff in an amount to be proven at trial.

## COUNT XVII
### 42 U.S. Code § 1988

141.    Plaintiff hereby incorporates all preceding and subsequent allegations into this Count XVII.

142.    Pursuant to 42 U.S.C. § 1988, prevailing plaintiff in an action under 42 U.S.C. § 1983 are entitled to judgement against the defendants for the amount of attorneys' fees incurred by the plaintiff in pursuing the action.

143.    Plaintiff has incurred and will continue to incur attorneys' fees in pursuit of his claims under 42 U.S.C. § 1983.

144.    The Defendants are liable to Plaintiff for the attorneys' fees incurred by Plaintiff in pursuit of his claims under 42 U.S.C. § 1983, in an amount to be proven at trial.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgement in Plaintiffs favor and against Defendants as follows;

1. Such actual damages as this Court may deem just and proper;
2. Damages for all past and future damages to Plaintiff caused by Defendants' fraud upon and theft of, Plaintiffs' property;
3. Damages for the taking of Plaintiffs' property;
4. Punitive damages;
5. Reasonable attorneys' fees;
6. Expert witness fees'
7. Costs of this action;
8. Pre-judgement and post-judgement interest on any award of damages to the extent permitted by law; and
9. Such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby makes a demand for a jury trial on all issues so triable.

Dated this 29th day of August, 2019.

_Herbert Beck_

Herbert Beck
25 E 16th Ave. #645
Denver, CO 80202

Plaintiff Herbert Beck
25 E 16th Ave. #645
Denver, CO 80202