# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02712-PAB-MEH

HERBERT BECK

                         Plaintiff,

v.

GOLDEN AUTOMOTIVE GROUP LLC

GOLDEN AUTOMOTIVE GROUP HOLDINGS LLC

AMERICAN HONDA FINANCE CORP.

EXPERIAN INFORMATION SOLUTIONS, INC.

EQUIFAX INC.

EQUIFAX INFORMATION SERVICES, INC.

AUTOMOTIVE WARRANTY SERVICES, INC.

ASSURANT INC.

                         Defendants,

---

## PLAINTIFF BECK PROPOSED AMENDED COMPLAINT

---

**COMES NOW** Plaintiff Herbert Beck, and states the following in support of his *Complaint:*

### PARTIES

1. Plaintiff Herbert Beck, <u>was,</u> at all times relevant hereto, a disabled and elderly person, presently a resident of Denver County, Colorado.

2

2. The individual Defendants are employees, and/or agents of, GOLDEN AUTOMOTIVE GROUP LLC, GOLDEN AUTOMOTIVE GROUP HOLDINGS LLC, AMERICAN HONDA FINANCE CORP., EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INC., EQUIFAX INFORMATION SERVICES LLC, AUTOMOTIVE WARRANTY SERVICES, INC., ASSURANT INC., and are licensed and registered with the Colorado Secretary of State to do business in the State of Colorado and Denver County, Colorado.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matters at issue because this is a civil action for damages and equitable relief. Colo. Const. Art. VI, § 9(1). This Court has concurrent jurisdiction over the federal rights claim under 15 U.S. Code § 1681.

4. Venue in this Court is proper pursuant to C.R.C.P. 98 because the actions and damages giving rise to this action occurred in Denver County, Colorado.

## GENERAL ALEGATIONS

5. Plaintiff Herbert Beck (Beck) did on or about March 6, 2015, purchase a NEW 2015 Honda Accord, serial number 1HGCR2F72FA002775, (HA) from Defendant(s) Golden Automotive Group Holdings LLC (GAGH) and Golden Automotive Group LLC (GAG) both D/B/A Planet Honda, 15701 W Colfax Ave, Golden, CO 80401.

6. Beck diligently attempted to make the monthly payments on HA to American Honda Finance Corp. (AHFC) through AHFCs Honda Financial Services (HFS) online payment reception service.

7. HFS continuously, failed to accept Becks payment(s) and Beck submitted two payments to AHFC through other means, while trying to remedy, with AHFC, the problems with HFS.

8. As the HA had become inoperable on August 5, 2015, by an accident, Beck ultimately, on or about August 18, 2015, relinquished HA to AHFC and its agent(s).

9. From that time forward, the Defendants GAG, GAGH, AHFC, Experian Information Solutions, Inc. (EXP), Equifax Information Services LLC and Equifax Inc. (EQ), Automotive Warranty Services, Inc. (AWS), and Assurant, Inc. (AS) all showed a blatant disregard for the legal rights of, and the duties, due Plaintiff Beck and wantonly, willfully, deliberately, began a series of, including, but not limited to, multiple torts, fraud, misrepresentation, negligence, conversion, concealment, theft, civil theft and multiple breaches.

10. On or about August 31, 2015 Beck received notice of AHFC plan to sell property -private, from AHFC. AHFC refused to explain or account for, verbally, or in writing, as promised in letter of August 28, 2015, how they (AHFC) figured or arrived at amount owed for HA. Upon receiving U. C. C. RETAIL POST SALE ACCOUNTING dated September 28, 2015 for the HA, of what Plaintiff Beck allegedly owed AHFC, Plaintiff continued requesting specific answers to multiple questions and concerns about costs, interest, itemization of egregious costs. AHFC never has answered any of the queries or questions asked by Plaintiff, and to this day, AHFC refuses to provide answers and documentation as promised by AHFC and required. Plaintiff also claims this sale of HA was a manipulated, fixed, contrived fraud by AHFC.

11. Beck <u>continued to</u> request from <u>AHFC</u>, multiple times, for a more detailed accounting, from AHFC. All requests were <u>never</u> answered, <u>and all information</u> concealed, <u>to this very day.</u>

12. As the misrepresentations were passed, bought and sold, by <u>AHFC to</u> no less than five collection agencies, as a Balance Due, Collection or other item, Beck objecting to each <u>collection agency</u>, with no response from any individual or entity, until Synergetic Communications Inc., (SCI), of Houston Texas, responded to Beck's request and demand, according to law, **<u>for the first time ever,</u>** on or about June 7, 2018, <u>to</u> provide Beck with <u>a</u> detailed account <u>and documents</u>, to date, of Becks HA account with AHFC and <u>AHFC's</u> handling of HA, from which this action begins. **<u>AHFC, GAG, GAGH, EXP and EQ illegal actions against Beck, were made visible for the first time ever.</u>** <u>Beck learned that AHFC had altered the mileage on HA, had severely undervalued the analysis, documentation and evaluation of the HA, had cancelled HA maintenance policy, sold by GAG and GAGH, had demanded a refund from GAG and GAGH who had received the funds from AHFC for this policy, and as of now, no one will or has responded or accounted for the $2,156 paid, for HA cancelled maintenance policy funds.</u>

13. <u>As soon as Beck learned of this,</u> Beck sent letters of demand to the <u>then</u> known Defendants, <u>AHFC, GAGH, GAG, EXP and EQ</u> on June 18, 2018 and July 16, 2018 demanding accounting, reparation and remuneration be provided to Beck. <u>No one responded.</u>

14. Beck has now compiled, through the report provided by SCI and other research, the following, heretofore unverifiable, unknown or assumed actions against Beck, including

but not limited to, wanton, willful, deliberate, unlawful acts perpetrated by <u>AHFC, GAG,</u>

<u>GAGH, AWS and AS</u> against Beck including, but not limited to: forty (40) torts; breach of

express and implied contract; breach of express and implied warranty; breach of implied

fitness; fraud; misrepresentation; fraud in representations and warranties; theft; felony

theft; <u>civil theft;</u> conversion; concealment; and negligence. Plaintiff will show the

violations, torts, actions and behavior of Defendants, to be enumerated at trial, were all

known, or should have been known by the Defendants, to be violations, torts, actions

and behavior contrary to, and violations of Colorado Revised Statutes and or law, that

are meant to protect and preserve the rights, safety and sanctity of, individuals of, and

the State of Colorado.

15. Considering, that <u>AHFC, GAG, GAGH, AWS and AS</u>, up to now, have continuously,

wantonly, willfully, deliberately, refused any appropriate action, information, data,

material and/or documentation to Beck in regards the <u>HA</u> previously possessed by Beck,

that the material provided to Beck from SCI <u>is certainly</u> not the entire amount of

information, material or documentation available to the documentation of actions taken

by <u>AHFC, GAG, GAGH, AWS and AS</u>, against Beck, therefore, there may be additional

allegations <u>and claims</u> of wrongful actions filed.

16. In the purchase contract and/or, buyers order and/or, automobile – simple interest

retail installment contract – consumer credit document Colorado (account #186985719)

for the HA, there were two additional insurance<u>/warranty</u> policies added in, to these

agreements, and to the total cost of HA.

6

17. One insurance policy added to the cost of the HA, was a GAP policy or OPTIMAL

     GUARANTEED ASSET PROTECTION (GAP) for $499.00 that, which, as the title of the

     policy states, was to cover any (gap) difference left due to the lienholder, AHFC, in the

     case of any loss of use or value due to accident or other cause, <u>as was explained to

     Plaintiff by GAG and GAGH finance manager at the time of sale</u>. This policy was

     purchased through GAG and GAGH dba Planet Honda, 15701 W Colfax Ave, Golden, CO

     80401. GAG and GAGH, <u>along with AWS and AS</u> were <u>all</u> DIRECT beneficiaries from this

     policy purchase by Beck.

18. <u>Beck learned from the SCI documents that</u> the Defendants <u>GAG, GAGH, AWS and AS</u> did

     refund and return to AHFC an "Insurance Premium Rebate (as of 08/28/15)" of $459.49

     for the GAP policy. This amount refunded, and the documentation, shows, that the GAP

     policy was in full force and effect on August 5, 2015, and apparently until 08/28/15.

19. Another insurance<u>/warranty</u> policy added to the cost of the HA, was a Mechanic,

     mechanical repair service contract, contract #FA002775, for $2,156.00 for any repairs

     that may be needed to the HA, <u>not covered by other warranty</u>. This policy was

     purchased through GAG and GAGH dba Planet Honda, 15701 W Colfax Ave, Golden, CO

     80401. GAG and GAGH, <u>along with AWS and AS</u> were <u>all</u> DIRECT beneficiaries from this

     policy purchase by Beck.

20. Both, of these policies mentioned in item #17 and #19 were administered by, and

     initially underwritten by <u>AWS</u> Automotive Warranty Services, Inc., 175 West Jackson

     Blvd., Chicago, Illinois 60604. <u>AWS</u> Automotive Warranty Services, Inc. and/or its agents,

     owners, managers and/or operators is/are also the owner, operator and/or agent of/for

the Chicago office of/for <u>AS</u> Assurant, Inc., both occupying the same offices and address

at 175 West Jackson Blvd., Chicago, Illinois 60604. <u>AS</u> Assurant, Inc, a national insurer

and underwriter, is also the underwriter of policies written by <u>AWS</u> Automotive

Warranty Services, Inc., and Plaintiff Becks previous policies, as any claims on policies

administered by Automotive Warranty Services, Inc., are processed through the

Assurant, Inc. website and company. The Defendants <u>GAG, GAGH, AWS and AS</u> as

DIRECT beneficiaries of the proceeds of these two policies, are complicit in the

insurance<u>/warranty</u> fraud committed against Plaintiff Beck in, through and on the two

mentioned insurance<u>/warranty</u> policies.

21. <u>From SCI documents, Beck learned that on</u> either/or August 27, 2015 or 9-10-15 a

"REQUEST TO CANCEL SERVICE CONTRACT POLICY AND MAIL REFUND WITHIN 14 DAYS"

was mailed from AHFC to Planet Honda, 15701 W Colfax Ave, Golden, CO 80401. The

$2,156.00 in question, paid for the #FA002775 policy, was forwarded to Planet Honda

by AHFC on/or about the inception date of purchase contract and/or, buyers order

and/or, automobile – simple interest retail installment contract – consumer credit

document Colorado (account #186985719) for the HA, and was, wrongfully and illegally

kept by Planet Honda, GAG and GAGH, <u>AWS and AS</u> when return of funds was requested

by AHFC. There has never been an accounting for these funds. Where the funds ever

refunded back? Has this money just disappeared? Shall we find out whose pocket kept

the money? Beck has never received any credit from the cancelled policy and $2,156.00

policy payment. ALL Defendants have refused and continuously, wantonly, willfully,

8

deliberately, refuse to account for, document or provide information as to the status of

this $2,156.00 and credit that is due Beck for this cancelled insurance/warranty policy.

22.  From the SCI documents, Beck learned that in another part of this letter to "CANCEL

AND REFUND" of on or about either/or August 27, 2015 or 9-10-15, noted the subject

HA # 2775, had mileage of 53,606 miles. This is more documented fraud, conversion,

misrepresentation, concealment and negligence, on the part of AHFC and possibly

Defendants GAG, GAGH, AWS, and AS, as the actual documented mileage on the subject

HA #2775, when it was picked up by AHFC and its agents, on or about August 19, 2015,

from Bradford Auto Body, 2659 West Main Street, Littleton, Colorado 80120 was 5,354

miles on the HA odometer.

23.  AHFC, its agents and Defendants GAG, GAGH, AWS, and AS, did knowingly, intentionally,

wantonly, willfully, deliberately, defraud Beck by wrongfully assessing the HA #2775, for

resale, with no less than thirty, (30), intentional errors, misstatements and wrongful

definitions of the value and condition of HA. HA assessment has never been provided to

Plaintiff Beck. AHFC then participated in and allowed a **PRIVATE SALE** of the HA #2775,

to provide and cause, to defraud Plaintiff Beck, a severely discounted valuation and sale

price of HA.

24.  Throughout the time period involved and covered by this complaint, AHFC has illegally

withheld information from Beck, and illegally reported to all credit reporting agencies,

(EXP) EXPERIAN INFORMATION SOLUTIONS, INC., (EQ) EQUIFAX INFORMATION

SERVICES LLC, ***inaccurate and illegal information,*** damaging Plaintiff Becks' credit

reports, with wrongful information about Beck, which is damaging, derogatory, libelous

9

and defamatory, with malice <u>and willful intent to injure Plaintiff</u> Beck, as Beck has

multiple times challenged the wrongful report of AHFC to and against Plaintiff Becks'

credit reports and to all named credit agencies. These challenges have met with staunch

denial from AHFC and all credit reporting agencies, that anything was being reported

<u>inaccurately or</u> incorrectly, and, all credit reporting agencies have been more than

willing to, <u>with malice and willful intent to injure Plaintiff,</u> participate in and perpetuate

this fraud and misrepresentation against Beck, <u>making all parties complicit and liable in</u>

<u>this complaint for damages to Plaintiff Beck.</u>

25. EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INC., EQUIFAX INFORMATION

SERVICES LLC, have all shown a blatant disregard for Federal and State, Code and

Statute by blindly, obtusely, willingly, deliberately, wantonly, participating in this

travesty, fraud, wrongful reporting, ignoring and violating the Federal Fair Credit

Reporting Act (FCRA), violating US CODE TITLE 15 Chapter 41. All these Defendants,

<u>(EXP), and (EQ)</u> have willingly violated Becks sanctity, wellbeing, safety and rights, with

malice <u>and willful intent to injure Plaintiff</u>, illegal and egregious conduct, actions and

behavior. EXPERIAN INFORMATION SOLUTIONS, INC. has also defrauded Plaintiff Beck

by promising to perform and provide certain services to Beck for a fee, which Beck has

paid such fee, and Experian has failed and refused, and continues to refuse, to provide

paid for services. All of these credit reporting agencies continue to, <u>with malice and</u>

<u>willful intent to injure Plaintiff,</u> report wrongful, ***inaccurate information on***

***Plaintiff Beck in/on his credit report, and continue to refuse to remove***

***these items,*** which are damaging, derogatory, libelous and defamatory to and of

Plaintiff Beck. Inaccuracies are, including, but not limited to, the amount Beck owed or may have owed or does owe, the consequences of this false reporting by a furnisher to the CRA's, the willingness of all CRA's to report any, absolutely any statement or piece of trash that a furnisher provides them, and, with no confirmation, accountability or consequences to any of the corporate parties, but severe wrongful consequences to the consumer. Plaintiff Beck has, as the result, of this conspiracy of illegal actions, among AHFC, GAG, GAGH, AWS, AS, EXP, and EQ, including, but not limited to, been denied several loans, paid more for all insurances, been unduly harassed by agents of AHFC. EXP, EQ have all failed to reasonably investigate the multiple disputes Plaintiff Beck has registered against AHFC. Do these CRA's think or believe these multiple disputes, against AHFC, were exercises the Plaintiff enjoyed?

26. The Defendants <u>AHFC, GAG, GAGH, AWS, AS, EXP, and EQ</u> gave no notice of what was, going to, has or had transpired, happened or going to happen, to or was given to Plaintiff.

27. The Defendants <u>AHFC, GAG, GAGH, AWS, AS, EXP, and EQ</u> have not, did not and never have offered the Plaintiff any help, assistance or compensation whatsoever.

28. The Defendants <u>AHFC, GAG, GAGH, AWS, AS, EXP, and EQ</u> did not, has not and have not warned Plaintiff of the known and/or unknown damages, threats, consequences or ramifications of any or all, of the Defendants malicious, wanton, willful, deliberate, torts, actions and behavior perpetrated against Plaintiff.

29. Unaware of the voluminous number of wrongful acts, actions, torts and behavior Defendants <u>AHFC, GAG, GAGH, AWS, AS, EXP, and EQ</u> have perpetrated against Plaintiff

Beck, Beck has suffered, including, but not limited to, loss (pecuniary, emotional, physical, relational, psychological, of freedom and sundry other losses), loss of sleep, loss of well-being, anticipatory, normal, extreme exacerbation of current adverse medical conditions, complicated and cumulative grief, situational loss and emotional trauma during the previously mentioned time period of events and into the future.

30. The Defendants <u>AHFC, GAG, GAGH, AWS, AS, EXP, and EQ</u> do not escape liability for their behavior, actions and conduct because they have willfully, wantonly and deliberately concealed all the information of their illegal actions, <u>and have continued to conceal material facts and information to this very moment,</u> knowing there was/is tremendous liability hinging on the foreseeability of harm to Plaintiff Beck, and continue to do so. The torts against Plaintiff Beck have only come to light and been discovered, through SCI's <u>singular</u> compliance with the law, by providing the file documentation SCI had, to Plaintiff Beck, <u>on or about June 7, 2018</u>.

<strong>COUNT I          NEGLIGENCE</strong>

31. <u>Plaintiff hereby incorporates all preceding and subsequent allegations into this Count I.</u>

32. <u>The Defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ owe the Plaintiff a general duty to use reasonable care, and act in a commercially reasonable manner, with regard to, their conduct, actions and behavior. This duty exists and is owed to the Plaintiff; as the only risk involved to all Defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ, is the exposure of the continuing, collective and individual torts, illegal acts and actions, perpetrated and being perpetrated on Plaintiff; there was and is foreseeable and likelihood of injury to the Plaintiff that far outweighs, any (possibly positive) social utility</u>

12

of all Defendants conduct, if there is any; there was and is no burden in guarding against the harm caused to Plaintiff, all of which, should never have happened or been perpetrated against Plaintiff, yet, there is now a burden wrested upon all Defendants for the individual, collective and cumulative illegal, tortuous acts and actions committed against Plaintiff; and the consequences of Defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ, illegal acts and actions are rightfully and legally well deserved, especially as all Defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ, continue to commit these illegal acts and actions to this very day and moment.

33. The Defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ breached that duty when they willfully, wantonly and deliberately committed, including, but not limited to: failing to account for insurance/warranty premiums paid by Beck that were to be refunded and credited back to or paid to Beck; disregarding, completely ignoring Beck's multiple requests for information and documentation on all actions perpetrated by all Defendants; illegally and intentionally concealing information, to and including this very moment, trying to illegally subvert any action, against all Defendants, that Plaintiff wishes to, and has initiated; breach of express and implied contract; breach of express and implied warranty; breach of implied fitness; fraud; misrepresentation; fraud in representations and warranties; theft; felony theft; civil theft; conversion; concealment; and negligence; against the Plaintiff.

34. The Defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ breach of duty caused injury to the Plaintiff.

13

35. As a result of the negligence of the Defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ, Plaintiff suffered injuries and damages including, but not limited to: economic damages; damage to credit profile and report; higher premiums on all insurance; denial of and for loans; economic loss by and from these denials; non-economic damages; past, present, and future pain and suffering; past and future lost earnings; loss of earning capacity; past, present, and future medical expenses; extreme exacerbation of current adverse medical conditions; emotional distress; loss of enjoyment of life; and other injuries in an amount to be determined at trial.

## COUNT II        UNLAWFUL CONCEALMENT

36. Plaintiff hereby incorporates all preceding and subsequent allegations into this Count II.

37. All Defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ, concealed facts that he, she, they knew, if, by conduct, or by written or oral words, or by a combination of conduct and words, AHFC, GAG, GAGH, AWS, AS, EXP, and EQ, created a false impression of the actual fact, and/or a material fact, in the mind of the Plaintiff, by concealing more than two dozen material facts and actual facts, and have to this day, and moment, continued to conceal these facts and preventing the Plaintiff from discovering the facts for himself.

38. The conduct of the Defendants, as set forth above, is the concealment, continued concealment of documents, transactions, information, acts, actions, behavior in regards the possession and dispossession of a Honda Accord, HA #2775, by the Defendant AHFC and the implication of GAG, GAGH, AWS, AS, EXP, and EQ, by and through each and every Defendants willing, wanton and deliberate intentional cooperation with this concealment from the Plaintiff.

14

39. The conduct of the Defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ was/is willful, wanton and deliberate.

40. The conduct of the Defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ was/is extreme and outrageous.

41. The Defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ conduct subjected the Plaintiff to an unreasonable risk of pecuniary loss, harm and caused the Plaintiff to be put in fear for his own safety which resulted in distress, substantial pecuniary loss and unreasonable loss and other damage to the Plaintiff.

42. Plaintiff is entitled to damages in an amount to be proven at trial.

**COUNT III       CONVERSION or TRESPASS of CHATTELS**

43. Plaintiff hereby incorporates all preceding and subsequent allegations into this Count III.

44. DEFENDANTS AHFC, GAG, GAGH, AWS, AS, EXP, and EQ, have committed several distinct, unauthorized acts of dominion or ownership over the personal property of the Plaintiff, including, but not limited to, a complete and ACCURATE CREDIT REPORT, or the contents thereof, somewhere between Twenty Eight Thousand and One Hundred Forty Thousand Dollars, depending on the, as yet to be acquired, actual facts and information involved in this action, all of which, continues to be concealed by the Defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ.

45. The conduct of the Defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ was/is willful, wanton and deliberate.

46. The conduct of the Defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ was/is extreme and outrageous.

15

47. The Defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ, conduct subjected the Plaintiff to an unreasonable risk of pecuniary loss, harm and caused the Plaintiff to be put in fear for his own safety which resulted in distress, substantial pecuniary loss and unreasonable loss and other damage to the Plaintiff.

48. Plaintiff is entitled to damages in an amount to be determined at trial.

## COUNT IV      FRAUD

49. Plaintiff hereby incorporates all preceding and subsequent allegations into this Count IV.

50. Defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ; have all made false representations of a past and present fact, all of these facts, being material, and Defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ, knowing they were false or was aware they did not know these facts were true or false, made these representations with the malicious intent that the Plaintiff rely on these facts, Plaintiff relying on these representations, having no alternatives available at the time, and Plaintiffs reliance was justified, considering, it is against the law to falsely represent facts, this reliance resulted in damage to the Plaintiff.

51. The conduct of the Defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ, was/is malicious, willful, wanton and deliberate.

52. The conduct of the Defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ, was/is extreme and outrageous.

53. The Defendants' conduct subjected the Plaintiff to an unreasonable risk of pecuniary loss, harm and caused the Plaintiff to be put in fear for his own safety which resulted in distress, substantial pecuniary loss, unreasonable loss and other damage to the Plaintiff.

54. Plaintiff is entitled to damages in an amount to be determined at trial.

## COUNT V

### BREACH OF EXPRESS AND IMPLIED CONTRACT, BREACH OF EXPRESS AND IMPLIED WARRANTY, BREACH OF IMPLIED FITNESS

55. Plaintiff hereby incorporates all preceding and subsequent allegations into this Count V.

56. Defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ, have all had and or do have contractual, warranty obligations to the Plaintiff, all of which have been breached. Plaintiff did or has fulfilled all his obligations or end(s) to every contract and warranty. All defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ, have failed to fulfill their end of the agreement, obligation, contract, warranty and Plaintiff has incurred damages as a result of the Defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ, breaches.

57. The Defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ owe the Plaintiff a general duty to use reasonable care, and act in a commercially reasonable manner, with regard to, their conduct, actions and behavior. This duty exists and is owed to the Plaintiff; as the only risk involved to all Defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ, is the exposure of the continuing, collective and individual torts, illegal acts and actions, perpetrated and being perpetrated on Plaintiff; there was and is foreseeable and likelihood of injury to the Plaintiff that far outweighs, any (possibly positive) social utility of all Defendants conduct, if there is any; there was and is no burden in guarding against the harm caused to Plaintiff, all of which, should never have happened or been perpetrated against Plaintiff, yet, there is now a burden wrested upon all Defendants for the individual, collective and cumulative illegal, tortuous acts and actions committed against Plaintiff; and the consequences of Defendants AHFC, GAG, GAGH, AWS, AS, EXP,

17

and EQ, illegal acts and actions are rightfully and legally well deserved, especially as all

Defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ, continue to commit these illegal

acts and actions to this very day and moment.

58. The Defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ breached that duty when they

willfully, wantonly and deliberately committed, including, but not limited to: failing to

account for insurance/warranty premiums paid by Beck that were to be refunded and

credited back to or paid to Beck; disregarding, completely ignoring Beck's multiple

requests for information and documentation on all actions perpetrated by all

Defendants; illegally and intentionally concealing information, to and including this very

moment, trying to illegally subvert any action, against all Defendants, that Plaintiff

wishes to, and has initiated; breach of express and implied contract; breach of express

and implied warranty; breach of implied fitness; fraud; misrepresentation; fraud in

representations and warranties; theft; felony theft; civil theft; conversion; concealment;

and negligence; against the Plaintiff.

59. The Defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ breach of duty caused injury

to the Plaintiff.

60. As a result of these breaches the Defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ,

Plaintiff suffered injuries and damages including, but not limited to: economic damages;

damage to credit profile and report; higher premiums on all insurance; denial of and for

loans; economic loss by and from these denials; non-economic damages; past, present,

and future pain and suffering; past and future lost earnings; loss of earning capacity;

past, present, and future medical expenses; extreme exacerbation of current adverse

medical conditions; emotional distress; loss of enjoyment of life; and other injuries in an amount to be determined at trial.

## COUNT VI          15 U.S. Code § 1681

61. Plaintiff hereby incorporates all preceding and subsequent allegations into this Count VI.

62.          Pursuant to 15 U.S.C. § 1681, "It is the purpose of this subchapter to require that consumer reporting agencies adopt **reasonable procedures** for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is **fair and equitable to the** consumer, with regard to the confidentiality, **accuracy**, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter." and, "(a) In general Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) any actual damages sustained by the consumer as a result of the failure; and (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court."

63. The actions of the Defendants AHFC, EXP, and EQ, showing a blatant disregard for Code and Statute, have violated Plaintiffs rights, by continuously falsely reporting and publishing false and totally inaccurate information about the Plaintiff, with malice and intent to do harm to the Plaintiff.

64. Plaintiff has suffered injuries and damages as a result of such violations including, but not limited to: economic damages; non-economic damages; past, present, and future

pain and suffering; past and future lost earnings; loss of earning capacity; past, present, and future medical expenses; emotional distress; loss of enjoyment of life; and other injuries.

65. The Defendants are liable in damages to Plaintiff in an amount to be proven at trial.

## COUNT VII          UNJUST ENRICHMENT

66. Plaintiff hereby incorporates all preceding and subsequent allegations into this Count VII.

67. Defendants AHFC, GAG, GAGH, AWS, AS, have all received several benefits, all at Plaintiffs expense, these benefits were received under circumstances that would make it unjust for the Defendants AHFC, GAG, GAGH, AWS, AS, to retain the benefit without commensurate compensation to the Plaintiff.

68. The conduct of the Defendants AHFC, GAG, GAGH, AWS, AS, was/is willful, wanton and deliberate.

69. The conduct of the Defendants AHFC, GAG, GAGH, AWS, AS, was/is extreme and outrageous.

70. The Defendants AHFC, GAG, GAGH, AWS, AS,  conduct subjected the Plaintiff to an unreasonable risk of pecuniary loss, harm and caused the Plaintiff to be put in fear for his own safety which resulted in distress, substantial pecuniary loss and unreasonable loss and other damage to the Plaintiff.

71. Plaintiff is entitled to damages in an amount to be proven at trial.

## COUNT VIII          CIVIL THEFT

72. Plaintiff hereby incorporates all preceding and subsequent allegations into this Count
    VIII.

73. Defendants AHFC, GAG, GAGH, AWS, AS, have violated CRS 18-4-401 Theft, as follows,
    (1) A person commits theft when he or she knowingly obtains, retains, or exercises control over
    anything of value of another without authorization or by threat or deception; or receives, loans
    money by pawn or pledge on, or disposes of anything of value or belonging to another that he
    or she knows or believes to have been stolen, and: (a) Intends to deprive the other person
    permanently of the use or benefit of the thing of value; (b) Knowingly uses, conceals, or
    abandons the thing of value in such manner as to deprive the other person permanently of its
    use or benefit; (c) Uses, conceals, or abandons the thing of value intending that such use,
    concealment, or abandonment will deprive the other person permanently of its use or benefit;
    (d) Demands any consideration to which he or she is not legally entitled as a condition of
    restoring the thing of value to the other person; or (e) Knowingly retains the thing of value
    more than seventy-two hours after the agreed-upon time of return in any lease or hire
    agreement. Defendants AHFC, GAG, GAGH, AWS, AS, have individually and collectively
    met and exceeded all the required elements for THEFT, CIVIL THEFT in amounts
    exceeding five thousand dollars at least and most likely more.

74. The conduct of the Defendants AHFC, GAG, GAGH, AWS, AS, was/is willful, wanton and
    deliberate.

75. The conduct of the Defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ was/is
    extreme and outrageous.

76. The Defendants AHFC, GAG, GAGH, AWS, AS, EXP, and EQ conduct subjected the
    Plaintiff to an unreasonable risk of pecuniary loss, harm and caused the Plaintiff to be

put in fear for his own safety which resulted in distress, substantial pecuniary loss and

unreasonable loss and other damage to the Plaintiff.

77. Plaintiff is entitled to damages in an amount to be proven at trial.

**WHEREFORE,** Plaintiff respectfully prays that this Court enter judgement in Plaintiffs favor and against Defendants as follows;

1. Such actual damages as this Court may deem just and proper; .
2. Damages for all past and future damages to Plaintiff caused by Defendants' fraud upon and theft of, Plaintiffs' property;
3. Damages for the taking of Plaintiffs' property;
4. Punitive damages;
5. Reasonable attorneys' fees;
6. Expert witness fees'
7. Costs of this action;
8. Pre-judgement and post-judgement interest on any award of damages to the extent permitted by law; and
9. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby makes a demand for a jury trial on all issues so triable.


Dated this 4th day of November, 2019.

Herbert Beck

25 E 16th Ave.  #645

Denver, CO 80202


Plaintiff Herbert Beck

25 E 16th Ave.  #645

Denver, CO 80202

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 4th of November, 2019, I filed the foregoing with the Clerk of Court by hand delivery and by electronic mail notification of such filing to the registered participants of record as identified on the Electronic Mail Notice List.

Herbert Beck *Pro Se* Plaintiff

25 E 16th Ave.

Denver, CO. 80202

(303) 973-3443