**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:19-cv-02712-PAB-MEH

Herbert Beck,

    Plaintiff,

v.

Golden Automotive Group, LLC,
Golden Automotive Group Holdings LLC,
American Honda Finance Corp.,
Experian Information Solutions, Inc.,
Trans Union LLC,
Equifax Inc.,
Equifax Information Services LLC,
Automotive Warranty Services, Inc.,
Assurant, Inc.

    Defendants.

---

**DEFENDANT AMERICAN HONDA FINANCE CORP.'S MOTION TO DISMISS
PLAINTIFF HERBERT BECK'S CLAIMS FOR RELIEF WITH PREJUDICE
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

Defendant American Honda Finance Corp. ("AHF"), through its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, submits the following Motion to Dismiss Plaintiff's Claims for Relief With Prejudice Pursuant to FED. R. CIV. P. 12(b)(6) ("Motion").[1]

### I.    INTRODUCTION

This matter arises out of Plaintiff Herbert Beck's ("Plaintiff") failure to make monthly payments on the 2015 Honda Accord ("Accord") he purchased on or about March 6, 2015 from

---

[1] Pursuant to D.C.COLO.LCivR 7.2(b)(2), conferral with Plaintiff prior to filing this Motion is not required.

Defendant Planet Honda. Complaint, ¶¶ 5-8. Plaintiff's failure to make proper payments on the Accord resulted AHF repossessing the Accord in August 2015. *Id*. Nearly <u>four years</u> after AHF repossessed the Accord, Plaintiff filed his Amended Complaint, which asserts eight causes of action against AHF: (1) negligence ("First Claim for Relief"); (2) unlawful concealment ("Second Claim for Relief"); (3) conversion or trespass of chattels ("Third Claim for Relief"); (4) fraud ("Fourth Claim for Relief"); (5) breach of express and implied contract, breach of express and implied warranty, breach of implied fitness ("Fifth Claim for Relief"); (6) 15 U.S.C. § 1681 ("Sixth Claim for Relief"); (7) unjust enrichment ("Seventh Claim for Relief"); and (8) civil theft ("Eighth Claim for Relief") (collectively, "Plaintiff's Claims for Relief").

## II. LEGAL STANDARDS

### A. Motion to Dismiss Under FED. R. CIV. P. 12(b)(6)

F.R.C.P. 12(b)(6) authorizes a court to dismiss a plaintiff's claim when that claim fails to state a claim upon which relief can be granted. A plaintiff's claim fails to state a claim upon which relief can be granted under to F.R.C.P. 12(b)(6) when it does not include or allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a court must accept all factual allegations in a plaintiff's complaint as true, that requirement does not apply to legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In evaluating a Rule 12(b)(6) motion, a court may refer to certain documents referenced in the pleadings without converting the motion to one for summary judgment. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). Plaintiff's Amended Complaint references,

relies on, and discusses the Sales Agreement ("Agreement"). A copy of the Agreement is filed concurrent with this Motion as **Exhibit A**.

### B. Motion to Dismiss Under FED. R. CIV. P. 9(b)

F.R.C.P. 9(b) requires that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." F.R.C.P. 9(b). The Rule's particularity requirement applies to all claims "sounding in fraud," and authorizes a court to dismiss claims that are not plead with particularity. *Warner v. Bank of Am., N.A.*, No. 11CV342, 2011 WL 6310485, at *2 (D. Colo. Dec. 15, 2011). To satisfy this requirement, the complaint must sufficiently "specify the <u>statements</u> it claims were false or misleading, give <u>particulars</u> as to the respect in which plaintiff contends the statements were fraudulent, state <u>when and where the statements were made</u>, and <u>identify those responsible for the statements</u>." *Id.* at 288 (emphasis added); *see In re Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991).

When determining whether to dismiss a plaintiff's claim under F.R.C.P. 9(b), Colorado courts also consider F.R.C.P. 8(d)(1) and (e), which require a plaintiff's pleadings to be "simple, concise, and direct" and to be "construed so as to do justice." F.R.C.P. 8(d)(1), (e).. Further, Colorado courts treat the dismissal of a plaintiff's claim under F.R.C.P. 9(b) as a dismissal for failure to state a claim upon which relief can be granted, under to F.R.C.P. 12(b)(6). *Seattle-First Nat. Bank v. Carlstedt*, 800 F.2d 1008, 1011 (10th Cir. 1986).

### C. The Economic Loss Rule

The Economic Loss Rule is a state law concept, which states that:

> …a party suffering only economic loss from the breach of an express or implied contractual duty <u>may not assert a tort claim for such a breach absent an independent duty of care under tort law</u>. Economic loss is

       defined generally as damages other than physical harm to persons or property.

*Town of Alma v. AZCO Constr., Inc.,* 10 P.3d 1256, 1264 (Colo. 2000) (emphasis added). This Rule is intended to maintain the boundary between contract law and tort law, and its applicability to a particular tort claim depends on the source of the duty owed by the defendant. *Id.* at 1259, 1262; *see also BRW Inc. v. Dufficy & Sons Inc.,* 99 P.3d 66, 71 (Colo. 2004) ("Contract obligations arise from promises that parties have made to each other, while tort obligations generally arise from duties imposed by law to protect citizens from risk of physical harm or damage to their personal property.").

## III.  ARGUMENT

As explained more fully below, each of Plaintiff's Claims for Relief must be dismissed with prejudice because they: (1) fail to state a plausible claim for relief upon which relief can be granted, in violation of F.R.C.P. 12(b)(6); (2) are not plead with particularity, in violation of F.R.C.P. 9(b); (3) are time barred, pursuant to C.R.S. §§ § 13-80-101(1)(a), 13-80-101(1)(c), or 13-80-102(1)(a); (4) are barred by the Economic Loss Rule; and/or (5) are not a viable cause of action under Colorado law.

Because many of Plaintiff's Claims for Relief are subject to dismissal based on multiple principles of Colorado law, for clarity, AHF addresses each of Plaintiff's Claims for Relief separately and in the order that Plaintiff plead them in his Amended Complaint.

### A. Plaintiff's First Claim for Relief for Negligence Must Be Dismissed With Prejudice Because It Is Time-Barred And Because It is Barred By The Economic Loss Rule.

1. Plaintiff's First Claim for Relief for Negligence Is Time-Barred Pursuant To C.R.S. § 13-80-102(1)(a).

Under Colorado law, claims alleging torts must be initiated <u>within two years</u> of the date

that the claimant discovered or should have discovered the alleged tort through the exercise of reasonable diligence. C.R.S. § 13-80-102(1)(a) (emphasis added); *see Gargano v. Owners Ins. Co.,* No. 12-CV-01109-CMA-BNB, 2014 WL 1032303, at *3 (D. Colo. Mar. 18, 2014). The nexus of fact leading to Plaintiff's First Claim for Relief occurred in August 2015. Complaint, ¶¶ 8-30. To avoid the statute of limitations imposed by C.R.S. § 13-80-102(1)(a), Plaintiff would have had to initiate the present action by August <u>2017</u>. However, Plaintiff did not initiate the present action until August <u>2019</u> – four years after he "discovered," or should have discovered, AHF's alleged negligence. Accordingly, Plaintiff's First Claim for Relief is time-barred pursuant to C.R.S. § 13-80-102(1)(a) and must be dismissed with prejudice.

  2. <u>Plaintiff's First Claim for Relief for Negligence Is Barred By The Economic Loss Rule.</u>

Plaintiff's First Claim for Relief alleges that AHF breached its duty of care to Plaintiff by failing to account for insurance and warranty payments that Plaintiff made, and by ignoring Plaintiff's requests for information. Complaint ¶¶ 32-35. Plaintiff's Fifth Claim for Relief alleges that AHF breached its contractual and warranty obligations to Plaintiff, which resulted in damages to Plaintiff. Complaint, ¶¶ 56-60. Plaintiff's First Claim for Relief, and the relevant duties and rights upon which it is based, come from the Agreement and seek to recover on the same damages Plaintiff alleges in his Fifth Claim for Relief. *See Id.* ¶¶ 56-60. As such, under the Economic Loss Rule, Plaintiff may not maintain his First and Fifth Claims for Relief simultaneously; Plaintiff's First Claim for Relief must therefore be dismissed with prejudice. *See Town of Alma*, 10 P.3d at 1263.

### B. Plaintiff's Second Claim for Relief For Unlawful Concealment Must Be Dismissed With Prejudice Because It Is Not A Viable Cause Of Action Under Colorado Law.[2]

Under Colorado law, when a plaintiff alleges a cause of action against a defendant that is not recognized as a legal cause of action, the court should dismiss that claim. *See, e.g., Gomez v. Sam's W., Inc.,* No. 16-CV-02240-CMA-STV, 2017 WL 3503652, at *4 (D. Colo. Aug. 14, 2017). Because Plaintiffs Second Claim for Relief for Unlawful Concealment is not recognized as legal cause of action under Colorado law, it must be dismissed with prejudice.

### C. Plaintiff's Third Claim for Relief For Conversion Must Be Dismissed With Prejudice Because It Fails To State A Plausible Claim Upon Which Relief Can Be Granted And Because It Is Time-Barred.

1. Plaintiff's Third Claim for Relief for Conversion Fails To State A Claim Upon Which Relief Can Be Granted Pursuant To FED. R. CIV. P. 12(b)(6).

In order to establish a claim for conversion, a plaintiff must show that (1) the defendant has committed a distinct, unauthorized act of dominion or ownership over (2) the personal property of the plaintiff. *Itin v. Ungar*, 17 P.3d 129, 135-36 (Colo. 2000). Plaintiff's Third Claim for Relief broadly and confusingly alleges that AHF:

> …committed several distinct, unauthorized acts of dominion or ownership over the personal property of the Plaintiff, including, but not limited to, a complete and ACCURATE CREDIT REPORT, or the contents thereof, somewhere between Twenty Eight Thousand and One Hundred Forty Thousand Dollars…

Complaint., ¶ 44. Plaintiff's Third Claim for Relief fails to identify any unauthorized act of dominion or ownership that AHF allegedly took over Plaintiff's property (i.e., the Accord). *See* Complaint, ¶¶ 44-47. As stated above, AHF only repossessed the Accord after Plaintiff breached

---

[2] To the extent that Plaintiff's Second Claim for Relief for Unlawful Concealment is duplicative of, or is considered analogous to, his Fourth Claim for Relief for Fraud, AHF sets forth the arguments in Argument Section D, herein.

the Agreement. Plaintiff's Third Claim for Relief for Conversion fails to state a plausible claim upon which relief can be granted, in violation of F.R.C.P. 12(b)(6), and must be dismissed with prejudice as a matter of law. *See Twombly*, 550 U.S. at 555.

   2. Plaintiff's Third Claim for Relief for Conversion Is Time-Barred Pursuant To C.R.S. § 13-80-102(1)(a).

Under Colorado law, claims alleging torts must be initiated <u>within two years</u> of the date that the claimant discovered or should have discovered the alleged tort through the exercise of reasonable diligence. C.R.S. § 13-80-102(1)(a) (emphasis added); *see Vaughn v. Krehbiel,* 367 F. Supp. 2d 1305, 1312 (D. Colo. 2005). The nexus of fact leading to Plaintiff's Third Claim for Relief occurred in August 2015. Complaint, ¶¶ 8-30. To avoid the statute of limitations imposed by C.R.S. § 13-80-102(1)(a), Plaintiff would have had to initiate the present action by August <u>2017</u>. However, Plaintiff did not initiate the present action until August <u>2019</u> – four years after he "discovered," or should have discovered, AHF's alleged conversion. Thus, Plaintiff's Third Claim for Relief for Conversion is time-barred pursuant to C.R.S. § 13-80-102(1)(a) and must be dismissed with prejudice.

   **D. Plaintiff's Fourth Claim for Relief For Fraud Must Be Dismissed With Prejudice Because It Is Not Plead With Particularity, Because It Is Time Barred, And Because It Is Barred By The Economic Loss Rule.**

   1. Plaintiff's Fourth Claim for Relief For Fraud Is Not Plead With Particularity Pursuant To Fed. R. Civ. P. 9(b).

Plaintiff's Fourth Claim for Relief for Fraud broadly and confusingly alleges that AHF:

> …made false representations of a [material] past and present fact…and [AHF], knowing they were false or was aware they did not know these facts were true or false, made these representations with the malicious intent that the Plaintiff rely on these facts…this reliance resulted in damage to the Plaintiff.

Complaint, ¶ 50. Importantly, as evidenced above, Plaintiff's Fourth Claim for Relief fails to

7

satisfy the requirements of F.R.C.P. 9(b) because it does not specify which statements AHF allegedly made that were fraudulent, the particulars as to the respect in which AHF's alleged statements were fraudulent, and when and where AHF's alleged fraudulent statements were made. *See Wojcik v. InterArch, Inc.*, 2013 WL 5904996 at * 11 (N.D. Ill. Nov. 4, 2013). Accordingly, Plaintiff's Fourth Claim for Relief for Fraud must be dismissed with prejudice.

    2. <u>Plaintiff's Fourth Claim for Relief For Fraud Is Time Barred Pursuant To C.R.S. § 13-80-101(1)(c).</u>

Under Colorado law, all claims alleging fraud must be initiated <u>within three years</u> of the date that the claimant discovered or should have discovered the alleged fraud through the exercise of reasonable diligence. C.R.S. § 13-80-101(1)(c) (emphasis added); § 13-80-101(3); *see also VanPortfliet v. Carpet Direct Corp.*, No. 16-CV-00616-PAM-KMT, 2017 WL 1023380, at *4 (D. Colo. Mar. 15, 2017). The nexus of fact leading to Plaintiff's Fourth Claim for Relief occurred in August 2015. Complaint, ¶¶ 8-30. To avoid the statute of limitations imposed by C.R.S. § 13-80-101(1)(c), Plaintiff would have had to initiate the present action by August <u>2018</u>. However, Plaintiff did not initiate the present action until August <u>2019</u> – four years after he "discovered," or should have discovered, AHF's alleged fraud. Accordingly, Plaintiff's Fourth Claim for Relief for Fraud is time-barred pursuant to C.R.S. § 13-80-101(1)(c) and must be dismissed with prejudice.

    3. <u>Plaintiff's Fourth Claim for Relief For Fraud Is Barred By The Economic Loss Rule.</u>

Plaintiff's Fourth Claim for Relief alleges that AHF "made false representations of a past and present fact" about Plaintiff. Complaint ¶ 50. Plaintiff's Fifth Claim for Relief alleges that AHF breached its contractual and warranty obligations to Plaintiff, which resulted in damages to Plaintiff. Complaint., ¶¶ 56-60. Plaintiff's Fourth Claim for Relief, and the relevant duties and

rights upon which it is based, come from the Agreement and seek to recover on the same damages Plaintiff alleges in his Fifth Claim for Relief. *See Id*. ¶¶ 56-60. As such, under the Economic Loss Rule, Plaintiff may not maintain his Fourth and Fifth Claims for Relief simultaneously; Plaintiff's Fourth Claim for Relief for Fraud must therefore be dismissed with prejudice. *Hottinger Excavating & Ready Mix, LLC v. R.E. Crawford Constr., LLC*, No. 14-CV-00994-KMT, 2014 WL 6461350, at *3 (D. Colo. Nov. 18, 2014).

**E. Plaintiff's Fifth Claim for Relief For Breach Of Contract And Warranty Must Be Dismissed With Prejudice Because It Fails To State A Plausible Claim Upon Which Relief Can Be Granted And Because It Is Time-Barred.**

1. Plaintiff's Fifth Claim for Relief For Breach Of Contract And Warranty Fails To State A Claim Upon Which Relief Can Be Granted Pursuant To Fed. R. Civ. P. 12(b)(6).

A claim for breach of contract or warranty has four elements: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damage to the plaintiff. *See W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992). In his Fifth Claim for Relief, Plaintiff alleges that AHF breached its contractual and warranty obligations to Plaintiff Complaint., ¶ 56. Plaintiff's Fifth Claim for Relief fails to identify what contract or warranty AHF allegedly breached or how AHF breached said contract and/or warranty. As such, Plaintiff's Fifth Claim for Relief for Breach of Contract and Warranty fails to state a plausible claim upon which relief can be granted, in violation of F.R.C.P. 12(b)(6), and must be dismissed with prejudice as a matter of law. *See Twombly*, 550 U.S. at 555.

2. Plaintiff's Fifth Claim for Relief for Breach of Contract and Warranty Is Time-Barred Pursuant To C.R.S. § 13-80-101(1)(a).

Under Colorado law, all claims alleging a breach of oral or written contract or warranty

must be initiated <u>within three years</u> of the date that the claimant discovered or should have discovered said alleged breach of oral or written contract or warranty through the exercise of reasonable diligence. C.R.S. § 13-80-101(1)(a) (emphasis added); § 13-80-108(6); *see Broomfield Senior Living Owner, LLC v. R.G. Brinkmann Co.,* 413 P.3d 219, 226, *reh'g denied* (Apr. 20, 2017), *cert. denied,* No. 17SC351, 2017 WL 3868161 (Colo. Sept. 5, 2017).

The nexus of fact leading to Plaintiff's Fifth Claim for Relief occurred in August 2015. Complaint, ¶¶ 8-30. To avoid the statute of limitations imposed by C.R.S. § 13-80-101(1)(a), Plaintiff would have had to initiate the present action by August <u>2018</u>. However, Plaintiff did not initiate the present action until August <u>2019</u> – four years after he "discovered," or should have discovered, AHF's alleged breach of contract and warranty. Accordingly, Plaintiff's Fifth Claim for Relief for Breach of Contract and Warranty is time-barred pursuant to C.R.S. § 13-80-101(1)(1) and must be dismissed with prejudice.

- **F. Plaintiff's Sixth Claim for Relief Under 15 U.S.C. § 1681 Must Be Dismissed With Prejudice Because It Is Not Plead With Particularity, Because It Fails To State A Plausible Claim Upon Which Relief Can Be Granted, And Because It is Time-Barred.[3]**

    1. <u>Plaintiff's Sixth Claim for Relief Under 15 U.S.C. § 1681 Fails To State A Claim Upon Which Relief Can Be Granted Pursuant To FED. R. CIV. P. 12(b)(6).</u>

Plaintiff's Sixth Claim for Relief alleges that AHF "show[ed] a blatant disregard for Code and Statute, [and] violated Plaintiff's rights[] by continuously falsely reporting and publishing false and totally inaccurate information about the Plaintiff…" Complaint, ¶ 19. 15 U.S.C. § 1681 has twenty four sections (i.e., 15 U.S.C. § 1681(a) through (x)), and Plaintiff fails

---

[3] To the extent that Plaintiff's Sixth Claim for Relief Under 15 U.S.C. § 1681 is duplicative of, or is considered analogous to, his Fourth Claim for Relief for Fraud, AHF sets forth the argument in Argument Section D(3), herein.

to cite which particular section his Sixth Claim for Relief is brought under. Complaint, ¶¶ 62-63. Thus, Plaintiff's Sixth Claim for Relief does not state "enough facts to state a claim to relief that is plausible on its face," in violation of F.R.C.P. 12(b)(6), and must be dismissed with prejudice. *See Twombly*, 550 U.S. at 555, 557.[4]

2. Plaintiff's Fifth Claim for Relief Under 15 U.S.C. § 1681 Fails To State A Claim Upon Which Relief Can Be Granted Pursuant To FED. R. CIV. P. 12(b)(6).

Plaintiff's Sixth Claim for Relief does not specify which statements AHF allegedly made that were false, the particulars as to the respect in which AHF's alleged statements were false, when and where AHF's alleged false statements were made, and to whom AHF made its allegedly false statements to, in violation of F.R.C.P. 9(b), and must be dismissed with prejudice. *See Wojcik v. InterArch, Inc.*, 2013 WL 5904996 at * 11 (N.D. Ill. Nov. 4, 2013).

3. Plaintiff's Sixth Claim for Relief Under 15 U.S.C. § 1681 Is Time-Barred Pursuant To 15 U.S.C. § 1681p.

15 U.S.C. § 1681p states that:

An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of—

(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or

(2) 5 years after the date on which the violation that is the basis for such liability occurs.

---

[4] If Plaintiff's Sixth Claim for Relief is brought under a liability theory of negligence, said Claim is expressly barred by 15 U.S.C. § 1681h(e). *See* 15 U.S.C. § 1681h(e) ("no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against ay consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency…") (emphasis added); *see also Thorton v. Equifax*, 619 F.2d 700, 703 (8th Cir. 1980).

(emphasis added). The nexus of fact leading to Plaintiff's Sixth Claim for Relief occurred in August 2015. Complaint, ¶¶ 8-10, 62-63. To avoid the statute of limitations imposed by 15 U.S.C. § 1681p, Plaintiff would have had to initiate the present action by August 2017. However, Plaintiff did not initiate the present action until August 2019 – four years after he "discovered," or should have discovered through the exercise of reasonable diligence, AHF's alleged violation 15 U.S.C. § 1681. Accordingly, Plaintiff's Sixth Claim for Relief Under 15 U.S.C. § 1681 is time-barred pursuant to 15 U.S.C. § 1681p and must be dismissed with prejudice.

**G. Plaintiff's Seventh Claim for Relief For Unjust Enrichment Must Be Dismissed With Prejudice Because It Fails To State A Plausible Claim Upon Which Relief Can Be Granted, Because It Is Time-Barred, And Because It Is Barred By The Economic Loss Rule.**

1. Plaintiff's Seventh Claim for Relief For Unjust Enrichment Fails To State A Claim Upon Which Relief Can Be Granted Pursuant To FED. R. CIV. P. 12(b)(6).

A claim for unjust enrichment has three elements: (1) defendant received a benefit; (2) defendant's benefit came at plaintiff's expense; and (3) the circumstances make it unjust for defendant to retain said benefit without commensurate compensation. *See Pulte Home Corp., Inc. v. Countryside Cmty. Ass'n, Inc.*, 2016 CO 64, ¶ 63. In his Seventh Claim for Relief, Plaintiff alleges that AHF "received several benefits, all at Plaintiffs expense…" Complaint, ¶ 67. Plaintiff's Seventh Claim for Relief fails to identify what alleged benefit AHF received from Plaintiff, nor does Plaintiff provide any evidence to support his bald allegation that AHF received any, let alone several, benefits from Plaintiff. Further, Plaintiff's Seventh Claim for Relief fails to demonstrate that the alleged benefit AHF received came at Plaintiff's expense, or that the circumstances make it unjust for defendant to retain said benefit without commensurate compensation to Plaintiff. As such, Plaintiff's Seventh Claim for Relief for Unjust Enrichment

fails to state a plausible claim upon which relief can be granted, in violation of F.R.C.P. 12(b)(6), and must be dismissed with prejudice as a matter of law. *See Twombly*, 550 U.S. at 555.

    2. Plaintiff's Seventh Claim for Relief For Unjust Enrichment Is Time-Barred By C.R.S. § 13-80-101(1)(a).

Under Colorado law, claims alleging a breach of oral or written contract or warranty include claims alleging unjust enrichment. *Sterenbuch v. Goss*, 266 P.3d 428, 437 (Colo. App. 2011). To avoid the statute of limitations imposed by C.R.S. § 13-80-101(1)(a), Plaintiff would have had to initiate the present action by August 2018. However, Plaintiff did not initiate the present action until August 2019 – four years after he "discovered," or should have discovered, AHF's alleged unjust enrichment. Accordingly, Plaintiff's Seventh Claim for Relief for Unjust Enrichment is time-barred pursuant to C.R.S. § 13-80-101(1)(1) and must be dismissed with prejudice.

    3. Plaintiff's Seventh Claim for Relief For Unjust Enrichment Must Be Dismissed Because It Is Duplicative of his Fifth Claim for Relief.

Plaintiff's Seventh Claim for Relief alleges that AHF "received several benefits [] at Plaintiff's [*(sic)*] expense. Complaint ¶¶ 67-70. Plaintiff's Fifth Claim for Relief alleges that AHF breached its contractual and warranty obligations to Plaintiff, which resulted in damages to Plaintiff. Complaint, ¶¶ 56-60. Plaintiff's Seventh Claim for Relief, and the relevant duties and rights upon which it is based, come from the Agreement and seek to recover on the same damages Plaintiff alleges in his Fifth Claim for Relief. *See Id*. ¶¶ 56-60. Plaintiff may not maintain his Seventh and Fifth Claims for Relief simultaneously; Plaintiff's Seventh Claim for Relief for Unjust Enrichment must therefore be dismissed with prejudice. *See Jorgensen v. Colo. Rural Props., LLC*, 226 P.3d 1255, 1259 (Colo. App. 2010) (citations omitted).

**H. Plaintiff's Eighth Claim for Relief For Civil Theft Must Be Dismissed With Prejudice Because It Fails To State A Plausible Claim Upon Which Relief Can Be Granted And Because It Is Time-Barred.**

1. Plaintiff's Eighth Claim for Relief For Civil Theft Fails To State A Claim Upon Which Relief Can Be Granted Pursuant To FED. R. CIV. P. 12(b)(6).

To prevail on a claim for civil theft, a plaintiff must prove that the defendant committed theft, robbery, or burglary. *Itin v. Ungar*, 17 P.3d 129, 133 (Colo. 2000). To prove theft, a plaintiff must show that the defendant knowingly obtained or exercised control over anything of value of the plaintiff without authorization and with the intent to deprive the plaintiff of the use or benefit of that item permanently. C.R.S. § 18-4-401(1); *Itin*, 17 P.3d at 134.

In his Eighth Claim for Relief, Plaintiff simply alleges that AHF "met and exceeded all the required elements for THEFT, CIVIL THEFT in amounts exceeding five thousand dollars at least and most likely more." Complaint, ¶ 73. Again, notably, Plaintiff does not provide any evidence to support his allegation that AHF committed theft, robbery, or burglary, nor hae Plaintiff shown that AHF knowingly obtained or exercised control over the Accord without authorization and with the intent to deprive Plaintiff the use or benefit the Accord permanently, as required under C.R.S. § 18-4-401(1). As such, Plaintiff's Eighth Claim for Relief for Civil Theft fails to state a plausible claim upon which relief can be granted, in violation of F.R.C.P. 12(b)(6), and must be dismissed as a matter of law. *See Twombly*, 550 U.S. at 555.[5]

2. Plaintiff's Eighth Claim for Relief For Civil Theft Is Time-Barred Pursuant To C.R.S. § 13-80-102(1)(a).

---

[5] Because Plaintiff breached the Agreement, under the Agreement, AHF was entitled to repossess the Accord. AHF's ownership of the Accord is a complete defense to Plaintiff's Eighth Claim for Relief, irrespective of its defense under F.R.C.P. 12(b)(6). *See Jenkins v. State*, 898 So. 2d 1134, 1135 (Fla. Dist. Ct. App. 2005) ("One with an ownership interest in property cannot commit theft in taking it.") (internal citation omitted).

Under Colorado law, claims alleging torts must be initiated <u>within two years</u> of the date that the claimant discovered or should have discovered the alleged tort through the exercise of reasonable diligence. C.R.S. § 13-80-102(1)(a) (emphasis added); *see Tisch v. Tisch*, 2019 COA 41, ¶ 37, 439 P.3d 89, 100 (observing that civil theft claims are subject to a two-year statute of limitations, pursuant to C.R.S. § 13-80-102(1)(a)).

The nexus of fact leading to Plaintiff's Eighth Claim for Relief occurred in August 2015. Complaint, ¶¶ 8-30. To avoid the statute of limitations imposed by C.R.S. § 13-80-102(1)(a), Plaintiff would have had to initiate the present action by August <u>2017</u>. However, Plaintiff did not initiate the present action until August <u>2019</u> – four years after he "discovered," or should have discovered, AHF's alleged civil theft. Accordingly, Plaintiff's Eighth Claim for Relief for Civil Theft is time-barred pursuant to C.R.S. § 13-80-102(1)(a) and must be dismissed with prejudice.

## IV.    CONCLUSION

AHF respectfully requests that this Court grant the present Motion and for any such other and further relief the Court deems just and proper, including an award of AHF's attorneys' fees and costs pursuant to Fed. R. Civ. P. 54(d)(1), C.R.S. §§ 13-17-102 and 13-17-201.

Respectfully submitted this 19th day of November, 2019.

*/s/ Victor M. Morales*
Victor M. Morales
McElroy, Deutsch, Mulvaney & Carpenter, LLP
5600 South Quebec Street, Suite C100
P.O. Box 4467
Englewood, CO  80155-4467
Telephone:   (303) 293-8800
Facsimile:    (303) 839-0036
E-Mail:         vmorales@mdmc-law.com
*Attorney for American Honda Finance Corp.*

## CERTIFICATE OF SERVICE

I certify that on November 19, 2019 the foregoing DEFENDANT AMERICAN HONDA FINANCE CORP.'S MOTION TO DISMISS PLAINTIFF HERBERT BECK'S CLAIMS FOR RELIEF WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(b)(6) was electronically filed with the Clerk of Court and served to the parties of record using the CM/ECF system.

I further certify that on November 19, 2019I served a copy of the foregoing on the following via e-mail pursuant to Plaintiff's consent and Fed.R.Civ.P. 5(b)(2)(E):

Herbert Beck
Email: 7jkjk7@gmail.com

*/s/ Victor M. Morales*
Victor M. Morales
McElroy, Deutsch, Mulvaney & Carpenter, LLP
5600 South Quebec Street, Suite C100
P.O. Box 4467
Englewood, CO  80155-4467
Telephone: (303) 293-8800
Facsimile: (303) 839-0036
E-Mail: vmorales@mdmc-law.com
*Attorneys for American Honda Finance Corp.*