IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02712-PAB-MEH

HERBERT BECK,

    Plaintiff,

v.

AMERICAN HONDA FINANCE CORP.,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is "Plaintiff's Motion for Leave to File [Second] Amended Complaint and Memorandum of Law in Support." ECF 114. Plaintiff requests leave to amend to "clarif[y] allegations" purportedly in an attempt to cure the defects identified in this Court's Recommendation on Defendant's Motion to Dismiss, issued on March 3, 2020. *See* ECF 112. Defendant counters that the proposed Second Amended Complaint "does nothing to 'cure' the deficiencies in the [Amended] Complaint." ECF 116. For the reasons that follow, the Court respectfully recommends[1] that the Honorable Philip A. Brimmer grant in part and deny in part the Plaintiff's motion.

---

[1] Defendant asserts that Plaintiff's proposed amendments are both prejudicial and futile. Denial of a motion to amend is a dispositive ruling since a finding that Plaintiff's proposed amendments are futile is "functionally equivalent" to a finding that the proposed amendments should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See Meeper, LLC v. Powers*, No. 12-cv-01732-WYD-KMT, 2016 WL 369558, at *2 (D. Colo. Feb. 1, 2016) (citing *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999) (the futility inquiry "is functionally equivalent to the question of whether a complaint may be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6)")).

**BACKGROUND**

The material facts of this case are set forth in detail in this Court's March 3, 2020 Recommendation; any additional facts proposed by the Plaintiff will be discussed in the Court's analysis.

Plaintiff filed this action on August 29, 2019 in the 2nd Judicial District Court, Denver, Colorado. ECF 4. Former defendant Equifax removed the case to this Court on September 20, 2019. ECF 1. Plaintiff filed the operative Amended Complaint on November 5, 2019, alleging the following claims against Defendant (and other former defendants): (1) negligence, (2) fraudulent concealment, (3) conversion, (4) fraudulent misrepresentation, (5) breach of express and implied contract, (6) violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"), (7) unjust enrichment, and (8) civil theft. Am. Compl., ECF 65. Since that time, Plaintiff voluntarily dismissed all defendants except American Honda Finance Corporation ("Defendant"), which responded to the operative pleading by filing a motion to dismiss. ECF 68.

The motion was referred to the undersigned and, on March 3, 2020, this Court recommended that Judge Brimmer either (1) grant the motion, dismiss the federal claim, and decline to exercise supplemental jurisdiction over the remaining state-law claims; or (2) exercise supplemental jurisdiction, grant in part and denied in part the motion, and dismiss Plaintiff's third, fourth, fifth, sixth, and eighth claims for relief, but permit Plaintiff to file a Second Amended Complaint to attempt to cure the deficiencies found in the operative pleading. *See* ECF 112. Plaintiff filed an objection to the Recommendation, along with the present motion. Defendant opposes the motion asserting both undue prejudice and futility of the amendments.

## **LEGAL STANDARDS**

Depending on the date filed, Plaintiff's motion may necessitate an amendment of the Scheduling Order under Fed. R. Civ. P. 16(b), which would require that Plaintiff show good cause. Fed. R. Civ. P. 16(b)(4); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (citing *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518–19 (10th Cir. 1990)). Here, the governing Scheduling Order provides that the deadline for the parties to amend their pleadings was January 11, 2020. ECF 86. The current motion was filed on March 16, 2020. Because Plaintiff seeks leave to amend his Amended Complaint after the Scheduling Order's deadline for amendment of pleadings, the motion implicates both Rules 15 and 16.

**I.     Fed. R. Civ. P. 16(b)**

Rule 16 dictates that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)).

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts.

*Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (quoting *Dilmar Oil Co., v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997)). "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed." *Gorsuch*, 771 F.3d at 1240. However, "[a] litigant's failure

3

to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend." *Perez v. Denver Fire Dep't*, 243 F. Supp. 3d 1186, 1200 (D. Colo. 2017) (emphasis added). "To demonstrate good cause pursuant to Rule 16, the moving party must . . . 'provide an adequate explanation for any delay.'" *Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co.*, LLC, 300 F.R.D. 678, 681 (D. Colo. 2014) (quoting *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009)); *D.R. Horton, Inc.-Denver v. Travelers Indem. Co. of Am.*, 281 F.R.D. 627, 630 (D. Colo. 2012). Further, a court may consider the procedural posture of a case in a Rule 16(b) "good cause" analysis. *See Nicastle v. Adams Cty. Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *3 (D. Colo. Mar. 14, 2011), *R. & R. adopted by* 2011 WL 1464588 (D. Colo. Apr. 18, 2011).

**II.     Fed. R. Civ. P. 15(a)**

Rule 15 states that after the deadline for amending a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The grant or denial of an opportunity to amend is within the discretion of the Court, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Maloney v. City of Pueblo*, 323 F.R.D. 358, 360 (D. Colo. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Id.* (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

4

Prejudice in this context arises when the amendment unfairly affects the opposing party "'in terms of preparing their defense to the amendment.'" *Minter*, 451 F.3d at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). Prejudice occurs most often "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* Moreover, "[i]f a party opposes a motion to amend or to supplement on the grounds of futility, the court applies the same standard to its determination of the motion that governs a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Conkleton v. Zavaras*, No. 08–cv–02612–WYD–MEH, 2010 WL 6089079, at *3 (D. Colo. Oct. 6, 2010), *R. & R. adopted by* 2011 WL 839282 (D. Colo. Mar. 7, 2011).

## III.     Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.* (quotation marks and citation omitted).

**IV.     Treatment of a Pro Se Plaintiff's Complaint**

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*,

6

425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)). The Tenth Circuit interpreted this rule to mean, if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

## DISCUSSION

Defendant challenges Plaintiff's motion on the bases of undue prejudice and futility and mentions nothing regarding the timeliness of the motion. Nevertheless, the Court must determine whether an amendment to the Scheduling Order is proper before evaluating whether justice requires that Plaintiff be permitted to amend the operative pleading.

**I.      Has Plaintiff Demonstrated Good Cause to Amend the Scheduling Order?**

Plaintiff proceeds in this action *pro se*. While his request to amend the Amended Complaint comes two months after the deadline, the Court finds Plaintiff has been diligent in seeking the amendments. Particularly instructive here is the Advisory Committee's comments concerning the 2009 Amendments to Rule 15: "This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the [Rule 12] motion. A responsive motion may avoid the need to decide the motion or reduce the number of issues to be

decided, and will expedite determination of issues that otherwise might be raised seriatim." Fed. R. Civ. P. 15 advisory committee's note, 2009 Amendments. While the note focuses on the rule's allowance of amendment once as a matter of course, the committee specifically emphasizes the importance of allowing amendment to correct deficiencies in the pleading, which may be raised by a Rule 12 motion, and frame the issues to be decided.

In this case, Plaintiff filed the present motion within fourteen days after issuance of the Court's Recommendation, and he did not have the benefit of the Court's review of his claims before that time.[2] It appears that Plaintiff attempted to follow direction from the Recommendation in drafting his proposed amendments. Accordingly, the Court finds that it is not necessarily improper to amend a pleading pursuant to Rule 15 to correct deficiencies in the pleading that are raised in a Rule 12 motion. The Court finds Plaintiff has demonstrated good cause to amend the deadline for amendment of pleadings to March 16, 2020.

## II.     Are the Interests of Justice Served by Allowing the Proposed Amendments?

In the proposed amended pleading, Plaintiff has eliminated his claims for conversion, fraud, breach of contract/warranty, and civil theft and, for the remaining claims, he has both deleted and added certain allegations. Defendant argues that granting these proposed amendments would be unduly prejudicial because, "[a]t this point, there are no grounds for a lawsuit, much less one under federal statutes." Resp. 3. Defendant applies the wrong standard; prejudice does not result simply because a defendant does not believe an action has merit. Rather, Defendant must demonstrate that the proposed amendments would unfairly affect its preparation of a defense.

---

[2] Typically, pleadings filed by pro se plaintiffs undergo initial review by the Court's pro se division during which plaintiffs may be permitted to file amended pleadings with instruction from the Court; here, however, the case was removed from state court and assigned directly to the undersigned. *See* ECF 1, 7. Notably, Defendant filed an Answer to Plaintiff's initial Complaint. ECF 46.

Defendant has failed to do so here, and the Court finds no prejudice will inure to the Defendant, particularly with the Court's ability to adjust any deadlines necessary to ensure the parties are prepared to prosecute and defend the claims.

Defendant also contends that the proposed amendments are "indeed futile" since they do "not cure any of the deficiencies noted in the . . . Recommendation." Resp. 3. Under prevailing law, the Court will proceed pursuant to Fed. R. Civ. P. 12(b)(6) to determine whether the amendments are futile, starting with the federal claim on which this Court's subject matter jurisdiction was initially based.

### A. FCRA Claim

The Court incorporates here its previous analysis of Plaintiff's claim alleged in the operative pleading. *See* R. & R., ECF 112. For its recommendation to dismiss the claim, this Court found that Plaintiff failed to state a plausible claim under 15 U.S.C. § 1681s-2(a) because the Tenth Circuit has advised that the FCRA gives consumers no private right of action against furnishers of information who violate § 1681s-2(a). *See Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1147 (10th Cir. 2012). However, a consumer does have a private right of action for a violation of § 1681s-2(b), which governs "[d]uties of furnishers of information upon notice of dispute":

> This is not to say the [plaintiffs] were without recourse to address [the furnisher's] inaccurate reporting. While "Congress did not want furnishers of credit information [to be] exposed to suit by any and every consumer dissatisfied with the credit information furnished," Congress allows consumers to enforce the duty of accurate reporting through the FCRA's dispute process. *Nelson*, 282 F.3d at 1060. When the furnisher receives notice of a dispute from the credit reporting agency, it must perform the verification and correction duties described in 15 U.S.C. § 1681s–2(b). *See Pinson*, 316 Fed. Appx. at 751. While a breach of those duties might expose the furnisher to liability, *see* 15 U.S.C. § 1681s–2(c) (noting the private action limitation applies only to violations of the duties listed in § 1681s–2(a)), the [plaintiffs] do not claim to have initiated this process. The district court did not err in dismissing this claim.

9

*Id.* at 1147. But, this Court found that, while Plaintiff's allegations may be liberally construed to reflect that he "disputed" the information furnished by Defendant, the Tenth Circuit made clear that "the duties listed in § 1681s–2(b) 'arise only after the furnisher receives notice of a dispute from a [credit reporting agency]; *notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)*.'" *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 751 (10th Cir. 2009) (emphasis in original). This Court concluded that Plaintiff did not allege Defendant received notice of his dispute from any credit reporting agency and, thus, Plaintiff failed to allege a plausible claim against Defendant under 15 U.S.C. 1681s-2(b). *See id.* (". . . because the amended complaint alleges only that the Pinsons—not any CRA—notified Capital One that its information was in dispute, the Pinsons failed to state a claim against Capital One under the FCRA.").

Here, to "cure" the alleged deficiency, Plaintiff must allege that Defendant received notice of a dispute from a credit reporting agency. He clarifies that his claim is brought pursuant to section 1681s-2(b) (Prop. Am. Compl. ¶ 62, ECF 114-1), but he fails to assert the necessary allegation. Rather, Plaintiff alleges that he "demanded and requested, from/to Experian, Equifax, and Trans Union, disputes be initiated against [Defendant] on [June 18, 2018 and July 16, 2018] and other dates at different times." *Id.* at ¶ 13. Plaintiff also alleges that Defendant "has violated U.S. Code § 1681s-2(b) at least nine separate times, against Plaintiff, and has illegally withheld information from Beck, and illegally reported to all three major credit reporting agencies, at least nine different times to each, (EXP) EXPERIAN INFORMATION SOLUTIONS, INC., (TU) Trans Union, (EQ) EQUIFAX INFORMATION SERVICES LLC, inaccurate and illegal information, damaging Plaintiff Becks' credit reports, with wrongful information about Beck." *Id.* ¶ 24. These allegations are insufficient to cure Plaintiff's failure to allege that Defendant received

notice of a dispute from one of the credit reporting agencies, which would have triggered Defendant's statutory duties, for purposes of Plaintiff's section 1681s-2(b) claim.

Thus, the Court recommends that Judge Brimmer find Plaintiff's allegations concerning his FCRA claim are futile and deny Plaintiff's motion to amend his FCRA claim.

B.     Subject Matter Jurisdiction

As set forth in this Court's previous Recommendation, former Defendant Equifax invoked the Court's subject matter jurisdiction based on the federal question presented by Plaintiff's FCRA claim.  Notice of Removal, ECF 1.  Therefore, with the dismissal of the FCRA claim, the Court must determine whether it has jurisdiction over the remaining state-law claims.  This Court noted that the allegations in the operative pleading were insufficient for the Court to determine whether diversity jurisdiction existed.  R. & R. at 8-9, ECF 112.  Here, however, Plaintiff has attempted to cure this deficiency by alleging that he seeks damages in the amount of $80,000.00 for each of the three remaining claims, he is a resident of Greenwood Village, Colorado (and has been since at least March 2015) with an office at 25 East 16th Street in Denver, Colorado, and the Defendant has a "principal office[ ] in Irving, Texas."  Prop. Am. Compl. ¶¶ 1, 2, 5, 35, 42, 71.

Pursuant to § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  Thus, "diversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state—that is, there must be 'complete diversity between all plaintiffs and all defendants.'"  *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)).  "[A] party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence."  *Id.*

11

Taking the proposed allegations as true, the Court finds Plaintiff plausibly alleges this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 and recommends that Judge Brimmer grant Plaintiff's motion in this respect.

### C. State Law Claims

In the proposed amended pleading, Plaintiff alleges claims for negligence, fraudulent concealment, and unjust enrichment. With respect to the fraudulent concealment claim, Defendant contends Plaintiff fails to comply with Fed. R. Civ. P. 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Defendant has argued that Plaintiff's allegations in the operative pleading do "not specify which statements (or omissions) AHF allegedly made that were fraudulent, the particulars as to the respect in which AHF's alleged statements (or omissions) were fraudulent, and when and where AHF's alleged fraudulent statements (or omissions) were made." Mot. to Dismiss at 8. Defendant contends here that Plaintiff's amendments also are insufficient. Resp. at ¶ 8.

Plaintiff has amended his second claim for relief by titling it, "Fraudulent Concealment." Prop. Am. Compl. at 14. "To prove fraudulent concealment, a plaintiff must demonstrate that: 1) the defendant failed to disclose a past or present fact that he or she had a duty to disclose; 2) with intent to induce the plaintiff to take a course of action he or she would not otherwise have taken; and 3) that plaintiff justifiably relied on the omission." *Cent. Masonry Corp. v. Bechtel Nat., Inc.*, 857 F. Supp. 2d 1160, 1163 (D. Colo. 2012) (citing *Wisehart v. Zions Bancorporation*, 49 P.3d 1200, 1204 (Colo. App. 2002), *Mallon Oil Co. v. Bowen/Edwards Assocs., Inc.*, 965 P.2d 105 (Colo. 1998), and CJI-Civ. 4th 19:2 (1998)). Other than his claim for $80,000 in damages, Plaintiff does not appear to have amended this claim.

The Court has already found that, construed liberally and taken as true, Plaintiff's allegations state his fraudulent concealment claim with particularity. R. & R. at 13-14. Defendant's argument here states, in its entirety, "[Plaintiff's] Amended Complaint does not satisfy Fed. R. Civ. P. 9(b)." Resp. at ¶ 8. Without more, the Court finds no basis on which to reconsider its finding that Plaintiff's allegations are sufficient under Rule 9(b). Thus, the Court recommends that Judge Brimmer grant Plaintiff's motion to amend his fraudulent concealment claim.

Notably, with respect to the fraudulent concealment claim, as well as Plaintiff's claims for negligence and unjust enrichment, the Court has recommended that Judge Brimmer find they are not barred by the statute of limitations nor the economic loss rule. R. & R. at 11, 16 (construing the unjust enrichment claim as a tort). Defendant's only remaining argument is that Plaintiff's allegations supporting his unjust enrichment claim[3] are insufficient to allege a plausible claim for relief pursuant to Rule 12(b)(6).

To state a plausible claim for unjust enrichment, the Plaintiff must allege that: "(1) at plaintiff's expense; (2) defendant received a benefit; (3) under circumstances that would make it unjust for defendant to retain the benefit without paying. . . . Whether injustice results often will turn on whether a party engaged in some type of wrongdoing." *Dudding v. Norton Frickey & Assocs.*, 11 P.3d 441, 444 (Colo. 2000). Defendant has argued that Plaintiff fails to identify any "benefit" the Defendant received "at Plaintiff's expense" or that "circumstances make it unjust for defendant to retain said benefit." In its previous Recommendation, this Court disagreed and, taking the allegations as true, found Plaintiff plausibly alleged in the operative pleading that costs

---

[3] Defendant also argued that Plaintiff failed to state plausible claims for conversion (third claim), breach of contract/warranty (fifth claim), and civil theft (eighth claim); however, Plaintiff has eliminated these claims from the proposed Second Amended Complaint. *See* ECF 114-1.

(or, "premiums") for a GAP policy and maintenance contract were added to the purchase price of the vehicle at the time he bought it from Planet Honda; after Defendant repossessed the vehicle, Defendant received refunds of the costs for the GAP policy and (possibly) for the maintenance contract without crediting the balance owed by Plaintiff. R. & R. at 18-19. Plaintiff also alleges that Defendant fraudulently withheld this information and Plaintiff only learned about it through documents provided by a third party. *See id.*

Notably, in the proposed amended pleading, Plaintiff eliminates his allegations concerning the GAP policy, but retains the allegations regarding the maintenance contract. *See* Prop. Am. Compl. ¶¶ 16-21. For purposes of the current motion, Defendant makes no argument regarding whether the allegations are plausible, and the Court finds no basis on which to reconsider its finding that the allegations are sufficient to state a plausible unjust enrichment claim. The Court recommends that Judge Brimmer grant Plaintiff's motion to amend with respect to Plaintiff's unjust enrichment claim.

## **CONCLUSION**

This Court finds that Plaintiff's proposed amendments are (1) insufficient to state a plausible claim for violation of the FCRA; (2) sufficient to allege this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332; (3) sufficient to state his fraudulent concealment claim with particularity pursuant to Fed. R. Civ. P. 9(b); and (4) sufficient to state a plausible claim for unjust enrichment. Therefore, the Court respectfully recommends that Plaintiff's "Motion for Leave to File [Second] Amended Complaint and Memorandum of Law in Support" [filed March 16, 2020;

ECF 114] be **granted in part and denied in part**, and that Judge Brimmer accept the proposed Second Amended Complaint with the exception of the sixth claim for violation of the FCRA.[4]

Respectfully submitted at Denver, Colorado this 9th day of June, 2020.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[4] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).