IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-02712-PAB-MEH

HERBERT BECK,

      Plaintiff,

v.

AMERICA HONDA FINANCE CORP.,

      Defendant.

---

## ORDER

---

This matter is before the Court on the Recommendation [Docket No. 121] of Magistrate Judge Michael E. Hegarty dated June 9, 2020 and Plaintiff's Amended Motion for Leave to File Amended Complaint [Docket No. 130]. Plaintiff filed a written objection to the recommendation. Docket No. 126. Because plaintiff is *pro se*, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I.  BACKGROUND

Plaintiff initiated this case by filing suit in the District Court for the City and County of Denver, Colorado on August 29, 2019. Docket No. 1-1. The case was subsequently removed to this Court. Docket No. 1. In the operative complaint, plaintiff brings a claim against defendant[1] for a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. Docket No. 65 at 18-19. Plaintiff also brings state-law

---

[1] Plaintiff has stipulated to dismissal of his claims against all other defendants named in the operative complaint. Docket Nos. 55, 67, 90, 101, 106.

claims against defendant for negligence, unlawful concealment, conversion or trespass of chattels, fraud, breach of contract, unjust enrichment, and civil theft. *Id*. at 11-21.

On November 19, 2019, defendant filed a motion to dismiss plaintiff's claims with prejudice. Docket No. 68. On March 3, 2020, the magistrate judge recommended that the Court dismiss the FCRA claim and decline to exercise supplemental jurisdiction over the state-law claims. Docket No. 112 at 8-9. The magistrate judge further recommended that plaintiff be permitted to file an amended complaint to cure the identified deficiencies. *Id*. at 20.

On March 16, 2020, plaintiff filed an objection to the magistrate judge's recommendation as to the FCRA claim. Docket No. 113. Plaintiff also filed a motion for leave to amend his complaint. Docket No. 114. The proposed complaint, Docket No. 114-1, maintains the FCRA claim and negligence, fraudulent concealment, and unjust enrichment claims while dropping the claims for conversion or trespass of chattels, fraud, breach of contract, and civil theft.

On June 9, 2020, the magistrate judge recommended that the Court grant in part and deny in part plaintiff's motion to amend. Docket No. 121. The magistrate judge concluded that good cause existed to modify the scheduling order pursuant to Fed. R. Civ. P. 16(b). *Id*. at 7-8. The magistrate judge further concluded that the FCRA claim remained futile because plaintiff failed to allege that defendant received notice of the dispute from a credit reporting agency, as 15 U.S.C. § 1681s-2(b) requires. *Id*. at 9-11. Finally, the magistrate judge concluded that the amended complaint established subject-matter jurisdiction over the remaining state-law claims and that such claims should be allowed to proceed. *Id*. at 11-14.

2

On July 7, 2020, plaintiff filed an objection to the magistrate judge's recommendation, again arguing that he should be allowed to proceed with his FCRA claim.  Docket No. 126.  On July 16, 2020, plaintiff filed a second motion to amend his complaint.  Docket No. 130.  The second proposed complaint is identical to the first proposed complaint except for three new allegations that defendant "received notice of several disputes" from credit reporting agencies "on multiple different occasions." Docket No. 130-1 at 5, 10, and 19, ¶¶ 12, 24, and 62.  Defendant did not file a response to either the objection or the second motion to amend.

## II.   ANALYSIS

First, the Court resolves plaintiff's objection to the magistrate judge's recommendation.  The magistrate judge recommends that the Court deny the first motion to amend as to plaintiff's FCRA claim.  "The FCRA imposes a duty on persons who provide information to credit reporting agencies ('furnishers') to accurately report information."  *Sanders v. Mountain. Am. Fed. Credit Union*, 689 F.3d 1138, 1147 (10th Cir. 2012).  If a furnisher receives a notice of a dispute from a credit reporting agency, it must perform certain verification and correction duties.  *Id.*; *see also* 15 U.S.C. § 1681s-2(b).  Failure to perform those duties may expose a furnisher to liability through the FCRA's private cause of action.  *Sanders*, 689 F.3d at 1147.

The magistrate judge determined that the FCRA claim alleged in the first proposed amended complaint failed to allege that defendant – a "furnisher" – received a notice of dispute from a credit reporting agency.  *See* Docket No. 121 at 9-11. Plaintiff objects, arguing that the first proposed complaint adequately alleges that the credit reporting agencies notified defendant of plaintiff's dispute.  Docket No. 126 at 1-

2.  However, the Court agrees with the magistrate judge that the complaint alleges only that plaintiff told certain credit reporting agencies that he disputed the information furnished by defendant, not that defendant received a notice of the dispute from those agencies.  *See* Docket No. 114-1 at 4-5, ¶ 12.  Accordingly, the Court will overrule plaintiff's objection. The Court has reviewed the remainder of the recommendation, to which neither party has objected, to satisfy itself that there is "no clear error on the face of the record."[2]  Fed. R. Civ. P. 72(b), Advisory Committee Notes; *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (noting that the district court may review a magistrate judge's recommendation under any standard it deems appropriate in the absence of an objection).   Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law, and will adopt the recommendation in its entirety.[3]

Next, the Court turns to the second motion to amend.  A motion to amend the complaint after the scheduling order deadline for amendment of pleadings has passed requires a party to demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) that the amendment satisfies Fed. R. Civ. P. 15(a).  *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015).  In the second motion to

---

[2] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

[3] Because defendant's motion to dismiss, Docket No. 68, is directed to what is now an inoperative, superseded pleading, it will be denied as moot.  *See, e.g., Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990) ("a pleading that has been amended under Rule 15(a) supersedes the pleading it modifies") (internal quotation marks omitted).

amend, plaintiff seeks leave to reassert his FCRA claim against defendant.  Docket No. 130 at 4.

The Court will grant the second motion to amend.  First, the Court is satisfied that plaintiff has shown good cause.  Plaintiff, who is *pro se*, has been diligent in his attempt to amend the complaint.  *See* Docket No. 121 at 7-8.  Indeed, plaintiff's various complaints have all attempted to allege a FCRA claim against defendant, but his complaints failed to allege that defendant received notice of a dispute from one of the credit reporting agencies.  *See id.* at 10-11.  Second, the Court agrees with plaintiff that amendment to reassert the FCRA claim would not be futile.  In the second proposed complaint, plaintiff explicitly alleges that defendant "received notice of several disputes" from credit reporting agencies "on multiple different occasions."  Docket No. 130-1 at 5, 10, and 19, ¶¶ 12, 24, and 62.  Thus, the second proposed complaint cures the defect identified by the magistrate judge in plaintiff's FCRA claim.  Further, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  The Court notes that defendant has not responded to the second motion to amend, and thus there is no basis to conclude that there would be undue prejudice to defendant from allowing the motion to amend.

Having adequately polished the pleadings, the Court cautions plaintiff that further motions to amend the complaint are unlikely to be granted.

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation [Docket No. 121] of Magistrate Judge Michael E. Hegarty dated June 9, 2020 is **ACCEPTED**.  It is further

**ORDERED** that plaintiff's Objection to the June 9, 2020 Recommendation of United States Magistrate Judge [Docket No. 126] is **OVERRULED**.  It is further

**ORDERED** that Plaintiff's Amended Motion for Leave to File Amended Complaint [Docket No. 130] is **GRANTED**.  The Clerk of Court is instructed to file Docket No. 130-1 on the docket as the operative complaint in this matter.  It is further

**ORDERED** that the Recommendation [Docket No. 112] of Magistrate Judge Michael E. Hegarty dated March 3, 2020 is **NOT ACCEPTED AS MOOT**.  It is further

**ORDERED** that Defendant American Honda Finance Corp.'s Motion to Dismiss Plaintiff Herbert Beck's Claims for Relief with Prejudice Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 68] is **DENIED AS MOOT**.

DATED September 9, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge