IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02712-PAB-MEH

HERBERT BECK,

    Plaintiff,

v.

AMERICAN HONDA FINANCE CORP.,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is "Plaintiff's Motion To Compel Production of Documents, Discovery, Answers to Interrogatory Questions and Compliance to all FRCP Title V Disclosures and Discovery." ECF 133. I will address each of Plaintiff's requests as best I can perceive them.

1.     <u>Identification of Persons with Knowledge</u>

    Plaintiff requests the court to apply all possible sanctions against AHFC and counsel, to order AHFC identify all, the above named individuals, Outside Council (for AHFC), Authorized Representatives and Counsel for AHFC, by name, address, contact information, what each person did and had to do with any part of this case or the Honda Accord, along with a detailed explanation of what each person did regards this case #19cv02712, or the Accord.

The Federal Rules of Civil Procedure do not require a party to produce discovery concerning the conduct of counsel in the litigation. Rule 26(a)(1) requires a party to identify all witnesses it will rely upon, who have information relating to its claims or defenses. Defendant is already under this obligation. Plaintiff lists thirty-nine persons who he claims may have information relevant to the claims or defenses in this case. If any of these named persons was involved with the handling of Plaintiff's automobile, Defendant should describe such involvement to the extent it has not already done so.

2.      Evasive or Incomplete Responses to Discovery

Plaintiff asks that for his requests for production of documents, Defendant be required to respond fully. As to eleven of Plaintiff's requests, Defendant responded: "American Honda has previously produced its entire non-privileged file maintained in connection with the above referenced account under Fed. R. Civ. P 26(a)." Because this response interposed no objection, I interpret the response as admitting that Defendant has responsive documents,[1] and all such documents are contained within the file it has produced. If this is not so, Defendant must supplement or amend its responses to so state.

3.      Authenticated Discovery Responses

A party's interrogatory responses must be answered under oath by the party. Fed. R. Civ. P. 33(b)(3), (5). Based on what Plaintiff submitted, Defendant has done this. Sheri Adkins' verification complies with the Rules.

4.      Request to Submit Interrogatories

Plaintiff may use his twenty interrogatories. If his Motion implies that this number is insufficient, the Court grants him an additional five interrogatories.

Defendant's response reports that Plaintiff did not fully consult with defense counsel prior to the filing of the Motion. Further, defense counsel states that Plaintiff has engaged in personal insults against defense counsel. I do not believe it would be efficient to belabor this process in hopes that more consultation between the parties will help resolve the disputes. However, Plaintiff is cautioned that cases are won or lost on the facts and the law, and engaging in inappropriate conduct such as that referenced by Defendant's attorney will result in sanctions up to and including a recommendation that the case be dismissed.

---

[1] For example, when Defendant did not have a responsive document, it answered a Request for Production in the following manner: "No such insurance agreement exists."

SO ORDERED.

Entered and dated at Denver, Colorado, this 26th day of October, 2020.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge